WELCOME SMITH v. RIVERSIDE PARK ASSOCIATION.

FILED OCTOBER 17, 1894. No. 5871.

1. Justice of the Peace: JUDGMENT BY DEFAULT. Where judgment has been rendered by default against a defendant in his absence, it is the duty of the justice of the peace by whom it has been rendered to set aside such judgment upon compliance on the part of the defendant with the conditions prescribed by section 1001 of the Code of Civil Procedure.

2. ———: ORDER OPENING JUDGMENT. Before defendant can be held to a compliance with the third condition prescribed in section 1001 of the Code of Civil Procedure, the justice of the peace by whom the judgment was rendered should make such order as to opening the judgment, and as to the time and place of the trial to be had, as will enable the defendant to give the notice required by the statute.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

*M. Randall,* for plaintiff in error.

*J. W. Sparks, contra.*

RYAN, C.

This action was commenced before a justice of the peace in Merrick county on the 11th day of October, 1892. Summons was issued and placed in the hands of the sheriff for service, returnable October 17, 1892, at 10 o'clock A. M. Service was made on the defendant on October 12 following. After service on the defendant, the sheriff held

the summons in his possession until after the return day thereof, and made his return on the 18th day of October, 1892. On the 17th day of that month, the return day of the summons, the case was continued, without the knowledge of defendant, to October 19, at 9 o'clock A. M., at which time judgment was rendered against the defendant by default in his absence. On the 25th of October, 1892, which was within ten days of the rendition of said judgment, the defendant appeared before the aforesaid justice and moved the court to open said judgment, then and there offering in said motion to confess judgment for costs made up to that time, and assigning, among other reasons, that judgment had been rendered in defendant's absence by default. This motion was overruled, to which ruling the defendant took an exception. The case was thereupon removed to the district court of Merrick county, wherein said judgment was reversed and the costs taxed to the defendant in error accruing up to the time of filing his motion to open the judgment; all subsequent costs being taxed to the plaintiff in error.*

Section 1001 of the Code of Civil Procedure provides that when judgment shall have been rendered against a defendant in his absence, in the court of a justice of the peace, the same may be set aside upon the following conditions: First, that his motion be made within ten days after such judgment was entered; second, that he pay or confess judgment for the costs awarded against him; third, that he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of said judgment and of the time and place of trial, at least five days before the time, if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial. Before the justice of the peace the conditions above prescribed were literally complied with by the defendant, except, of course, that he gave no notice of the

opening of the judgment and of the time and place of trial, for the very good reason that the judgment was not opened, conditionally or otherwise, and the justice of the peace, whose duty it was to fix the time and place of trial, refused to do either. Very properly then, under such cir-cumstances, the district court held the ruling of the justice of the peace erroneous, reversed the case, and set it down for trial. The judgment of the district court is .

AFFIRMED.