JOSEPHINE G. PERRINE V. KNIGHTS TEMPLAR'S AND MASONS' LIFE INDEMNITY COMPANY.*

FILED MARCH 2, 1904.　No. 13,400.

1. **Insurance Certificate: ACTION: VENUE.** An action upon a benefit certificate or insurance policy is transitory and not local in its nature, and may be brought in whatever state the company issuing the policy can be found, without any regard to where the contract of insurance was made or the subject thereof was located.

2. **Appearance.** The appearance of a defendant, for the sole purpose of objection by motion to the jurisdiction of the court over his person, is not an appearance to the action; but, where the motion also challenges the jurisdiction of the court over the subject matter of the controversy and is not well founded, it is a voluntary appearance equivalent to a service of summons.

ERROR to the district court for Jefferson county: CHARLES B. LETTON, JUDGE. *Reversed.*

*Clark Varnum* and *Montgomery & Hall,* for plaintiff in error.

*Lamb & Wurzburg* and *R. A. Clapp, contra.*

OLDHAM, C.

Plaintiff in this cause of action was the beneficiary named in a benefit certificate issued by the defendant, Knights Templar's and Masons' Life Indemnity Company, a mutual benefit association, organized and incorporated under the laws of the state of Illinois, and doing business throughout the several states of the Union. In 1900, the defendant, in compliance with the laws of this state governing mutual benefit associations, signed, sealed and delivered to John F. Cornell, auditor of the state of Nebraska, a power of attorney by which it constituted him, as auditor of the state, and his successors in office its attorney in fact, upon whom all lawful processes in any action or proceeding within the state of Nebraska might be

* Rehearing allowed. See opinion, p, 273, *post.*

served. Within six months after such power of attorney had been delivered to the auditor of Nebraska, the plaintiff instituted this suit in the district court for Jefferson county, Nebraska, by filing her petition, in which she alleged that defendant was indebted to her on her benefit certificate in the sum of $850. On the 3d day of August, 1900, summons was issued on this petition and delivered to the sheriff of Lancaster county, and service of summons was accepted by John F. Cornell as auditor of the state. When this summons was returned, objection to the jurisdiction of the court over the person of defendant was filed and sustained by the district court. An alias summons was thereupon issued and directed to the sheriff of Jefferson county, and service thereon was attempted to be had upon Charles Weston, successor of John F. Cornell, as auditor of the state. This service, on objection, was likewise quashed and plaintiff, by order of the court, was awarded a second alias summons. The second alias summons was accordingly issued and placed in the hands of the sheriff of Jefferson county, and service of the same was made by the sheriff of said county upon Charles Weston, auditor, in the county of Jefferson, on the 21st day of November, 1901. On the 23d day of December, 1901, defendant filed the following objections to the jurisdiction of the district court for Jefferson county:

"Comes now specially the above named defendant, for the sole purpose of objecting to the jurisdiction of the court and for no other purpose, and submits the court is without jurisdiction of the subject matter or of the person of the defendant, for the following reasons: (1) That there has been no service of summons herein. (2) That there has been no legal service of summons herein. (3) That the pretended service is under an alias summons issued without authority, and without a precipe having been first filed therefor. (4) That the defendant was never found nor served with summons in said county, and never could have been found and served with summons in said county. (5) That the defendant is a foreign cooperative

and mutual insurance company, doing business in the state of Nebraska only by virtue of license issued to it by said state as such corporation, and neither the alleged cause of action, nor any part thereof, arose in Jefferson county or in the state of Nebraska, and the plaintiff is not now, nor ever has been, a resident or citizen of the state of Nebraska. (6) That, at the time of the filing of the petition in the above entitled cause, under which jurisdiction is claimed to have been obtained, defendant had neither property in nor debts owing to it in said Jefferson county, neither had it an agent in said Jefferson county, nor could it be summoned therein. (7) That the said petition herein, under which the second alias summons was issued, was filed on the 3d day of August, 1900, and summons issued thereon without a then present ability to serve the same upon the defendant, or its alleged agent or attorney, in said Jefferson county, Nebraska; that the said second alias summons, under which service is alleged to have been made, was issued more than one year after the filing of said petition under which it was issued, and after the court had twice sustained objections to its jurisdiction for the reason that, at the time the petition was filed and the cause commenced, no service of summons could be had upon the defendant in said Jefferson county. (8) No service of summons upon the auditor of the state of Nebraska in his official capacity can be made beyond the boundaries of said Lancaster county in said state, his official residence, and that no service of summons herein could be made upon the said auditor. (9) That no service could be had herein upon Charles Weston, auditor of public accounts, in said Jefferson county, or elsewhere. (10) That the alleged service of summons upon the said Charles Weston was and is void."

Affidavits in support of and counter affidavits were filed to these objections, and on the hearing thereof the court rendered the following order and judgment:

"Now on this 16th day of May, 1903, this cause came on to be heard upon the defendant's objections to the juris-

diction of this court; upon due consideration whereof the court doth sustain the objections of defendant as to jurisdiction. To which ruling of the court the plaintiff then and there duly excepts, and forty days from the rising of the court is given to plaintiff to prepare and present her bill of exceptions. And, thereupon, the following order was made by the court, to wit: 'This cause is hereby dismissed at plaintiff's costs.' "

To reverse this judgment, the plaintiff brings error to this court.

We are first asked to examine into the holdings of the court on the return of each of the summonses, the service of which were quashed by the order of the district court. This, however, we can not do in view of the fact that no final judgment was entered by the court when service was quashed on either of the former summonses, and plaintiff acquiesced in each of these orders by applying for and receiving leave from the court to issue its alias summons; so that our investigation will be limited to the action of the court in sustaining the objections to jurisdiction at its last hearing.

There are three special requisites of jurisdiction of courts in personal actions: The first of these is, jurisdiction of the person of the plaintiff; second, jurisdiction of the person of the defendant; and, third, jurisdiction of the subject matter of the action. As to the first requisite, the court was fully invested with it by the action of plaintiff herself in filing her petition and executing an undertaking for costs. Concerning the third requisite, the district court being a court of general common law jurisdiction was invested with jurisdiction of the subject matter of the controversy, if the action were personal and transitory in its nature. The fact that the cause of action was against a foreign insurance or beneficiary company and the beneficiary did not reside in the state, and that the contract was entered into in another state, would not oust the jurisdiction of the district court of this state of the subject matter of the controversy, if the defendant were found

within the state. The authorities all seem to agree that an action upon a benefit certificate or insurance policy is transitory and not local in its nature, and may be brought in whatever state the company issuing the policy can be found, without any regard to where the contract of insur-ance was made or the subject thereof was located. *Mohr & Mohr Distilling Co. v. Insurance Cos.,* 12 Fed. 474; *Northwestern Mutual Life Ins. Co. v. Lowry,* 20 S. W. (Ky.) 607; *Johnston v. Trade Ins. Co.,* 132 Mass. 432. And the same principle applies to actions on policies of fire insurance. *Insurance Co. of North America v. Mc-Limans & Coyle,* 28 Neb. 653. It is therefore apparent that the district court for Jefferson county had jurisdiction both of plaintiff and of the subject matter of the contro-versy; and it also follows that, if either by proper service of process or by the voluntary appearance of the defendant in that court, it acquired jurisdiction of the person of the defendant, then defendant's objections should have been overruled.

It is obvious, from an examination of the objections filed, that defendant intended by its special plea to challenge the jurisdiction of the court, not only over the person of defendant, but also over the subject matter of the contro-versy. The question then arises, can a defendant, without entering a general appearance, challenge the jurisdiction of a court over the subject matter of a controversy there pending? The question of a right to challenge jurisdiction without an appearance has been before this court on nu-merous occasions, and the rule announced by LAKE, C. J., in the early case of *Crowell v. Galloway,* 3 Neb. 215, has al-ways received our commendation. In that case the learned chief justice said:

"It is a general, and we think a wholesome rule of prac-tice, that if a defendant intend to rely upon the want of personal jurisdiction as a defense to a judgment, he must either make no appearance, or if at all, for the single pur-pose of questioning the right of the court to proceed; and if he do more than this, and appear for any other purpose

at any stage of the proceedings, he shall be held thereby to have waived all defects in the original process, and to have given the court complete jurisdiction over him for all the purposes of the action."

In *Elliott v. Lawhead*, 43 Ohio St. 171, defendant was served by publication, and filed a special appearance excepting to the service, and also challenging the jurisdiction of the court as to the subject matter of the controversy. In disposing of the case,        , J., speaking for the court said:

"This motion assigns two r[  ]  ɟ why it should be granted: First, want of legal and proper service; and, second, because the court had no jurisdiction of the subject matter. This last ground was in the nature of a demurrer to the jurisdiction of the court, and was in itself an appearance in the case. It amounted to a waiver of service, and gave the court jurisdiction over the person of defendant. It is true the defendant 'comes for the purpose of filing this motion and for no other purpose,' and had the motion been confined to want of proper service it would not have operated as an appearance. It was not so limited, but embraced an additional reason, to wit, the right of the court to hear and determine the subject matter. The rule is that where a defendant appears *solely* for the purpose of objecting to the jurisdiction of the court over the person, such motion is not a voluntary appearance of defendant which is equivalent to service. Where, however, the motion involves the merits of the case made in the petition, the rule is otherwise. *Handy v. Insurance Co.*, 37 Ohio St. 366; *Maholm v. Marshall*, 29 Ohio St. 611."

We therefore conclude that, by challenging the jurisdiction of the court over the subject matter of the controversy, the defendant entered a general appearance, and this being true, it is immaterial whether the service of summons upon the defendant, or rather upon its alleged attorney in fact, the auditor of this state, was properly or improperly made.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on rehearing was filed December 7, 1904.  *Judgment of reversal adhered to:*

Appearance: JURISDICTION. An appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not.

OLDHAM, C.

This is a rehearing. The former opinion is found, *ante,* p. 267. The case is fully stated in that opinion. It is now urged that the objections raised by the defendant in error in the court below were to the jurisdiction of the court over the person of the defendant, and nothing more, because the grounds assigned relate alone to the jurisdiction of the person. The pleading filed in the court below states, "Comes now specially above named defendant for the sole purpose of objecting to the jurisdiction of the court, and for no other purpose, and submits that the court is without jurisdiction of the subject matter or of the person of the defendant for the following reasons"; whereupon the reasons are set forth, ten in number. We are now urged to disregard the challenge therein made to the jurisdiction of the subject matter and treat it as surplusage. Our duty in this matter depends upon whether or not, under the "reasons assigned," there could have been anything considered by the court except the sole

question of jurisdiction over the person of the defendant; not upon what was considered, but what might have been properly considered and determined by the court. We have taken our code from Ohio, and the practice of that state is analogous to ours. In *Smith v. Hoover*, 39 Ohio St. 249, the court said:

"The appearance of a defendant in court for the sole purpose of objecting, by motion, to the mode or manner in which it is claimed that jurisdiction over his person has been acquired, is not an appearance in the cause, or a waiver of any defect in the manner of acquiring such jurisdiction; while, on the other hand, the appearance for the purpose of contesting the merits of the cause, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not. In respect to this question, an important distinction is made between an objection to the jurisdiction of the subject matter of the suit, and of the person of defendant, although complete jurisdiction in the court to hear and determine the action is not acquired unless the court has jurisdiction over both the subject matter and the person. An objection to jurisdiction over the subject matter is a waiver of objection to the jurisdiction of the person, while an objection to the jurisdiction of the person is a waiver of nothing."

With these considerations in view we turn to the "reasons assigned":

"5. That the defendant is a foreign cooperative and mutual insurance company doing business in the state of Nebraska only by virtue of a license issued to it by said state as such corporation, and neither the alleged cause of action, nor any part thereof, arose in Jefferson county or in the state of Nebraska, and the plaintiff is not now, and never has been, a resident or citizen of the state of Nebraska.

"7. That the said petition herein, under which the second alias summons was issued, was filed on the third

day of August, 1900, and summons issued thereon without a then present ability to serve the same upon the defendant, or its alleged agent or attorney, in said Jefferson county, Nebraska: that the said second alias summons under which service is alleged to have been had was issued more than one year after the filing of said petition under which it was issued, and after the court had twice sustained objections to its jurisdiction for the reason that, at the time the petition was filed and the cause commenced, no service of summons could be had upon the defendant in said Jefferson county."

The 5th objection challenges the right of the plaintiff to bring and maintain the action in Jefferson county. This raises the legal question whether or not the alleged cause of action set forth in the petition was local or transitory. The challenge was made to the court by apt language in the formal part of the instrument and in the reasons assigned, and is a jurisdictional question, not of the person, but of the subject matter of the action. And when followed by an exhaustive showing on this point, as was done, of the truth of these allegations, we can come to but one conclusion, and that is, it was the intention of the pleader to challenge the jurisdiction of the court over the subject matter, and that he has done so both by his averments and by the evidence. And again, the 7th assignment, if it means anything, is a plea of *res judicata* of the matters then pending before the court. It would be difficult to understand how the language of this assignment could be used for the sole purpose of challenging the jurisdiction of the court over the person of the defendant. That, to avoid an appearance, the objections must be confined to this purpose has been the holding of this court from its organization.

We therefore conclude that our former opinion is sound in principle and should be adhered to, and we so recommend.

AMES, C., concurs. LETTON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the former opinion is adhered to.

REVERSED.