Brainard & Chamberlain v. Butler, Ryan & Co.

---

BRAINARD & CHAMBERLAIN, APPELLANTS, V. BUTLER, RYAN & COMPANY ET AL., APPELLEES.

FILED NOVEMBER 10, 1906. No. 14,485.

1. Justice of the Peace: JURISDICTION. Defective notice of a conditional order vacating a default judgment before a justice of the peace does not deprive the justice of jurisdiction over the subject matter, and he may, on application of the moving party, continue the hearing for proper notice.

2. ———: ———: WAIVER. An objection to the jurisdiction over the subject matter is a waiver of objection to jurisdiction over the person.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

L. H. Bradley, for appellants.

James B. Sheean, C. C. Wright and B. H. Dunham, contra.

JACKSON, C.

The action was instituted before a justice of the peace, an order of attachment was issued and levied on personal property, service was by publication, there was no appearance by the defendant, and judgment was entered August 15, 1903. On the 25th of the same month the defendant filed a motion to set aside the judgment by default, and offered to confess judgment for costs. A conditional order was that day entered, and hearing set for September 1. On September 1, at the hour fixed for the hearing, the defendant appeared, the plaintiff not appearing, and it having been discovered that the notice of the conditional order was defective, the defendant requested a continuance for the purpose of serving a new notice, and the case was continued to September 7. A new notice was served on September 1. On September 7, which was a legal holiday, the justice entered an order adjourning the hearing to the following day, at the same hour on which the hearing was set for September 7. The defendant appeared on the 8th, plaintiff failed to appear, the conditional order was made absolute, and on application of the defendant the case was continued for trial to September 16. On the latter date the plaintiff appeared specially, objecting to the jurisdiction of the court, and the case was adjourned to September 23, 1903. On September 23 the defendant again appeared with a motion to recall an order of sale which had been issued on the attachment, and the case was again continued to September 24, 1903, at 1 o'clock P. M. On September 24, at 2 o'clock P. M., the plaintiff filed another special appearance and objection to the jurisdiction of the court, which was overruled, and, declining to appear further, the order of sale of attached property was recalled and the case dismissed for want of prosecution. The plaintiff took error to the district court, where the judgment of the justice was affirmed, and the case is now brought to this court for review.

The objection to the jurisdiction filed on September 24

is as follows: "Now come the plaintiffs by their attorney and enter their special appearance for the sole purpose of presenting the following motion herein, to wit: The plaintiffs move the court to set aside and set at naught all orders or entries made herein subsequent to the entry of the judgment herein on the 15th day of August, 1903, for the reason that the defendant not having complied with the statute of Nebraska in such case provided, by not having given the notice required by such statute to be given to the plaintiffs. The said R. G. King as such said justice has not had and now has no power or authority in law to make any order or orders in said cause subsequent to said 15th day of August, 1903, the justice being without legal jurisdiction so to do either as to the parties or subject matter in suit." It is the contention of the plaintiff that, the first notice of the conditional order having been defective, the proceedings of September 1, 1903, terminated the controversy, and that the justice of the peace was without further jurisdiction to proceed; that the order of that date in the following language: "It appearing to the court that the notice of reopening judgment served upon plaintiff is defective, the same is hereby quashed. Defendant filed an affidavit for continuance for the purpose of serving a new notice of the reopening of judgment, thereupon cause adjourned to September 7, 1903, at 1 o'clock P. M."—amounted to an adjudication against the defendant's right to further proceed. This contention cannot be sustained. The provision of the statute controlling the action of the justice in such cases requires: "First.— That his motion be made within ten days after such judgment was entered. Second. That he pay or confess judgment for the costs awarded against him. Third. That he notify in writing the opposite party, his agent, or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time, if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the

trial." Code, sec. 1001. This statute does not require, as seems to be urged by the plaintiff, that the entire proceeding be had within ten days after the entry of the judgment. The motion and offer to confess judgment for costs must be filed within the ten days, but time must thereafter be given for the service of a proper notice. *Smith v. Riverside Park Ass'n,* 42 Neb. 372. The justice acquired jurisdiction over the subject matter of the motion on account of its having been filed within ten days allowed by law for that purpose, and the fact that the first notice of the order was defective did not deprive that court of jurisdiction. It was clearly the duty of the court to continue the case for proper service upon the application of the defendant.

Again, it is urged that the second notice was insufficient in point of time, for the reason that September 6 was Sunday, and September 7 a legal holiday, and that five days did not intervene between the date of making the order, September 1, and the date of the hearing, September 7. It is evident that this contention is not well taken. The order having been returnable on September 7, a legal holiday, the motion, under the law, stood for hearing at the same hour of September 8. It is true that the court had no jurisdiction to make the order on September 7, but no such order was necessary; the case stood for hearing on the following day by operation of law. Furthermore, the objection was something more than an objection to the jurisdiction over the person of the plaintiff. It included an objection to the jurisdiction over the subject matter, and such an objection is a waiver of all objection to the jurisdiction of the court over the person. *Perrine v. Knights Templar's & M. L. I. Co.,* 71 Neb. 273; *Bankers Life Ins. Co. v. Robbins,* 59 Neb. 170.

It is evident that the judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.