SUMMIT LUMBER COMPANY, APPELLANT, v. CORNELL-YALE COMPANY, APPELLEE.

FILED NOVEMBER 19, 1909. No. 15,831.

Appearance: JURISDICTION. "An appearance for the purpose of object-ing to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of de-fendant, whether the defendant intended such waiver or not." *Perrine v. Knights Templar's & Masons' Life Indemnity Co.*, 71 Neb. 273.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*James I. Rhea,* for appellant.

*Charles C. St. Clair, contra.*

FAWCETT, J.

Plaintiff brought suit against defendant in the county court of Phelps county claiming damages for breach of a contract to ship a number of car-loads of lumber. The defendant being a nonresident, service was attempted to be had by publication after an attachment and garnish-ment. Defendant made what it termed a special appear-ance, and filed a motion as follows: "Comes now the de-

fendant, the Summit Lumber Co., a corporation, and, appearing specially and making a special appearance only for the purpose herein mentioned, objects to the jurisdiction of the court over the person of the defendant, and the subject matter in controversy, by virtue of the attachment proceedings, and moves the court to quash the writ of attachment and garnishee proceedings for the following reasons: Because the facts stated in the petition are not sufficient to justify the issuance of the attachment and garnishee, for the reason that the claim attached and garnisheed upon is for an unliquidated sum in damages; for the reason that no personal service has been had upon the defendant; for the reason that the attachment and garnishee proceedings are founded on an alleged claim for unliquidated damages and not a debt or demand arising upon contract, judgment or decree, and the grounds for the alleged attachment being that the defendant is a foreign corporation." The county court discharged the attachment and released the garnishee, but held that the motion above set out constituted a general appearance. Subsequently the case was called and set down for hearing on the original petition. Whereupon defendant filed the following objections to the jurisdiction of the court: "Comes now the defendant in the above entitled action, appearing specially and only for the purpose herein mentioned, and objects to the jurisdiction of the court over the person of this defendant and the subject matter of this action for the following reasons, to wit: (1) For the reason that this defendant has not been served with summons in this action and no jurisdiction obtained over the person of this defendant, it being a foreign corporation, and the only notice given of the pending of this action being by publication in a newspaper. (2) For the reason that the jurisdiction of the subject matter was attempted to be obtained by attachment proceedings which had been declared void and quashed by this court, and for that this court has no jurisdiction of the subject matter by reason of the invalidity of said attachment proceedings along

with the fact that this defendant is a foreign corporation and has not been served with summons herein." The objections were overruled, and judgment entered in favor of the plaintiff. Defendant then prosecuted proceedings in error to the district court. The district court found that there was no error in the proceedings of the lower court, and affirmed the judgment of the county court, with costs. A motion for a new trial was filed and overruled, and defendant appeals.

The only question argued here is that the district court erred in affirming the judgment of the county court. *Perrine v. Knights Templar's & Masons' Life Indemnity Co.*, 71 Neb. 267, adhered to on rehearing at page 273, is conclusive against defendant upon the point contended for. In that case the alleged special appearance read: "Comes now specially the above named defendant, for the sole purpose of objecting to the jurisdiction of the court and for no other purpose, and submits the court is without jurisdiction of the subject matter or of the person of the defendant for the following reasons: * * * (5) That the defendant is a foreign cooperative and mutual insurance company, doing business in the state of Nebraska only by virtue of license issued to it by said state as such corporation, and neither the alleged cause of action, nor any part thereof, arose in Jefferson county or in the state of Nebraska, and the plaintiff is not now, nor ever has been, a resident or citizen of the state of Nebraska." On the rehearing of that case we held: "An appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not." Under the authority of that case, which is in harmony with the holdings of this court, ever since *Cropsey v. Wiggenhorn*, 3 Neb. 108, defendant's appeal must fail.

The judgment of the district court is therefore

AFFIRMED.