# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1911.

---

### LENA M. LILLIE, APPELLEE, V. MODERN WOODMEN OF AMERICA, APPELLANT.

#### FILED APRIL 8, 1911. No. 16,365.

1. **Appearance.** "An appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant." *Perrine v. Knights Templar's & Masons' Life Indemnity Co.*, 71 Neb. 273.

2. ———. "A defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the court, he seeks to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally." *Cropsey v. Wiggenhorn*, 3 Neb. 108.

3. **Insurance: ACTION: DEFENSES: EVIDENCE: ADMISSIBILITY.** In a civil action upon a benefit certificate, issued by a fraternal beneficiary society, and which contained a clause that, if the death of the member shall occur by the hands of his beneficiary, except by accident, the certificate should be void, the fact, if true, that the beneficiary had murdered the assured would constitute a defense to the action. The evidence of the commission of the crime would depend upon the proof of the fact of the criminal act. A certified transcript of the record of conviction of the beneficiary is not admissible as substantive evidence of the facts upon which the prosecution was founded, nor of the fact of the murder of the assured by the beneficiary.

4. **Trial: INSTRUCTIONS.** An instruction to a jury that the result of a criminal prosecution for the commission of the acts which would

4 (1)

avoid the certificate was not to be considered by them *held* properly given.

5. Evidence: ORAL EVIDENCE TO EXPLAIN LETTERS. Certain letters, written by plaintiff to a bucket shop dealer, were introduced in evidence by defendant. The meaning of the language contained in the letters could not be understood by one not acquainted with the circumstances under which they were written. *Held,* That there was no prejudicial error in permitting plaintiff to explain the circumstances and her meaning in the language used.

6. Insurance: TRIAL: QUESTION OF FACT. The question of the murder of the assured by plaintiff was exhaustively investigated upon the trial by the production of oral evidence of circumstances tending to prove and disprove the charge. The only witness present at the time of the killing of decedent was plaintiff, who took the witness-stand and testified to facts which, if true, established her innocence. The question of fact was for the jury, and with their finding on conflicting and circumstantial evidence the supreme court cannot interfere.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Talbot & Allen, C. J. Garlow* and *Tibbets & Anderson,* for appellant.

*Matt Miller* and *L. C. Burr, contra.*

REESE, C. J.

This action was commenced in the district court for Lancaster county, and is upon a benefit certificate for the sum of $3,000, issued upon the life of Harvey Lillie, payable to Lena M. Lillie, his wife, upon his death. The petition is in the usual form, and its averments need not be here specifically noticed, except to say that it is alleged that defendant is a fraternal beneficiary society, incorporated and doing business under and by virtue of the laws of the state of Illinois, with its principal place of business in the city of Rock Island, in said state, and authorized to transact business in Nebraska. A summons was issued and returned by the sheriff of Lancaster county as having been served upon the defendant "by delivering

in person to E. M. Searle, Jr., state auditor, agent for service and attorney in fact for said Modern Woodmen of America, a true and certified copy of the same, and also on A. R. Talbot, head consul for Modern Woodmen of America, at his office and principal place of business of the Modern Woodmen of America in the city of Lincoln, within and for the state of Nebraska, by delivering to him in person a true and certified copy of this writ with all indorsements thereon."

The defendant filed a paper, of which the following is a copy, omitting the caption: "Comes now the defend-. ant appearing specially, and for the purpose of this motion only, and objects to the jurisdiction of the court over the defendant and also over the subject matter of the suit for the following reasons: First. Because plaintiff's petition fails to show a legal capacity to bring or maintain said suit. Second. Because plaintiff's petition fails to show that she has any legal capacity to bring or maintain said suit in Lancaster county, Nebraska. Third. Because plaintiff's petition fails to show that the contract sued upon is one enforceable at law. Fourth. Because plaintiff's petition fails to show that she has complied with the statutory provisions of this state to entitle her to prosecute said action. Fifth. Because the court has acquired no jurisdiction over the defendant by reason of defects shown on the face of the petition."

This objection to the jurisdiction was overruled, and defendant's exception noted. It may be doubted if this was in fact and in law a special appearance for the sole purpose of challenging the jurisdiction of the court over the person of defendant. It will be noted that the challenge includes the contention that the court has no jurisdiction of the subject matter of the suit.

In *Perrine v. Knights Templar's & Masons' Life Indemnity Co.,* 71 Neb. 273, we held on rehearing (quoting the syllabus) that "an appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal plead-

ing, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not." This is practically a reiteration of the holding of the first opinion beginning at page 267 (71 Neb. 267), and in the body of which it is said that such an objection was "in the nature of a demurrer to the jurisdiction of the court, and was in itself an appearance in the case."

It will also be noted that the objections presented in the first and second grounds of challenge are practically, if not strictly, the grounds of demurrer contained in section 94 of the code. The paper filed constituted a general appearance in the case. Again at a later date defendant filed a demurrer to the petition, the second ground of which was that "the court has no jurisdiction of the subject matter of the action," and the third that "the petition does not state facts sufficient to constitute a cause of action." This, also, was clearly a general appearance, notwithstanding the demurrer contained the statement that it was filed "without any intention of waiving its rights to insist upon the special appearance overruled by this court." The simple fact of the presentation of the questions *was* a waiver of a special appearance, had one been made. On a still later date defendant filed a motion for a more specific statement of the petition, and that the court require certain facts to be set out therein. This, also, was a general appearance. *Cropsey v. Wiggenhorn*, 3 Neb. 108; *Crowell v. Galloway*, 3 Neb. 215.

It is insisted by defendant that, under the provisions of section 96, ch. 43, Comp. St. 1909, an action of this kind cannot, without the consent of a defendant, be maintained in any court except where some of the conditions prescribed in that section exist. The section is as follows: "Such society may be sued in any county in which is kept their principal place of business or in which the beneficiary contract was made or in which the death of the member occurred, or in the county of the residence of such deceased member; but actions to recover old age,

sick or accidental benefits may, at the option of the bene-
ficiary, be brought in the county of his residence."

In the brief of defendant it is said: "We will not con-
tend that the action is not transitory, nor will we con-
tend that the district court of Lancaster county could
not have jurisdiction of the subject matter of (by) con-
sent of the parties or waiver of defendant as to jurisdic-
tion." It will appear from this that it is not contended
that where consent is given, or rather where no objection
is made, the judgment would be void, but of full force
and validity. In effect the contention is that, where none
of the condiditions named in the section exists, it will
depend upon the election of a defendant as to jurisdic-
tion of the court to hear and determine the case upon its
merits. If this should be held to be the true effect of the
statute, it would rest with defendant to give or refuse to
give the district court jurisdiction in all cases where none
of the specified conditions exist. Suppose a beneficiary
resided in this state, the assured resided and died in an-
other state, the defendant, a foreign corporation, had no
principal place of business in this state, and the contract
was made in a foreign state, the beneficiary would find
the doors of all the courts of the state closed against her,
or him, and no suit could be maintained in this state in
any court, except by virtue of the consent and permission
of the defendant. We cannot give such construction to
the section under consideration. Just what the purpose
of its enactment was, whether to add to and extend the
jurisdiction of courts, or to make certain the local juris-
diction where any one of the conditions exist, we need
not now inquire. The district court is a court of general
common law jurisdiction, and the statute has by general
law provided methods of acquiring jurisdiction over the
person of foreign companies of the class to which defend-
ant belongs, and it will not do to say that by the section
under consideration the method of acquiring jurisdiction
by general law is destroyed and the procedure limited to
cases where the provisions above referred to exist. Such

could not have been the purpose of the legislature. However, if the contention of defendant should be correct, there can be no doubt of the general appearance by defendant, and that alone would be consenting to the jurisdiction of the court over it. It has been suggested by some of the members of the court that the section (Comp. St. 1909, ch. 43, sec. 96) is intended to apply alone to domestic societies, and has no reference to foreign associations, to which class defendant belongs. But upon that question we express no opinion.

The answer, in addition to the presentation of the question of jurisdiction, being practically the same as the motion and demurrer, consisted of certain admissions and a general denial of unadmitted averments, and set out certain clauses of the application and benefit certificate, and alleged that plaintiff, in violation of the express terms of the certificate, had caused the death of the member by the wilful, intentional and unlawful act of her, the beneficiary —in short, that she had murdered him. The fact of her arrest, prosecution and conviction of his murder, the verdict of the jury finding her guilty of murder in the first degree, and her sentence to imprisonment in the penitentiary for life are set out by copy of the proceedings and judgment. Plaintiff moved the court to strike out that part of the answer setting out her trial and conviction. The motion was sustained, but no exception was taken to the order. The order did not include the allegation that plaintiff had murdered the assured, leaving that issue to be tried. Plaintiff replied by a general denial. A large number of witnesses were sworn, chiefly upon the issue thus presented, forming a bill of exceptions of near 2,300 pages of typewritten matter. This evidence became material by reason of there being a clause in the benefit certificate that, if the death of the member was caused "by the hands of his beneficiary, * * * except by accident," the certificate should become null and void.

In addition to the oral testimony in support of the de-

fense that plaintiff had murdered the assured member, defendant offered in evidence certified copies of the information filed in the district court for Butler county charging plaintiff with the murder of Harvey Lillie, the assured, the verdict of the jury thereon finding the accused guilty and fixing her punishment at imprisonment for life, the judgment and sentence of the district court, the mandate of affirmance by the supreme court, and the judgment of the district court thereon. The offered documentary evidence was objected to by plaintiff as incompetent, immaterial and irrelevant. The objection was sustained, and the documents excluded, to which defendant excepted, and that ruling is now assigned for error. The purpose of the evidence now under consideration was evidently to strengthen and support the oral testimony adduced for the purpose of maintaining the defense pleaded in the answer. It could not be insisted upon as an adjudication of the fact in issue, or as a bar to a recovery, for it was not an action or proceeding between the same parties. Neither could it have the effect of an estoppel by record.

The question then arises: Was it competent as substantive evidence in this suit upon the benefit certificate to prove that plaintiff had, in fact, murdered her husband, the assured? The answer must be that it was clearly not admissible. In *Wisnieski v. Vanek*, 5 Neb. (Unof.) 512, it is held that where a defendant in a criminal prosecution enters a plea of guilty, and judgment is rendered thereon, proof of the plea may be received in a civil suit against him for damages growing out of the same transaction as an admission or confession of the act charged, but that it is not conclusive of the fact and may be controverted as any other open question; that it is not the judgment itself that is admitted against him. The record offered shows that there was a jury trial of the criminal prosecution, and therefore there was no plea of guilty. It is fundamental and elementary that in a civil suit, where the defense is that plaintiff had by a

criminal act violated the provisions of the contract upon which the action is based, the record of his conviction in a criminal prosecution of such criminal act, which is pleaded as a defense, cannot be received as substantive proof of such violation. 1 Greenleaf, Evidence (16th ed.) sec. 537; 2 Black, Judgments (2d ed.) sec. 529; 7 Ency. of Evidence, 850, and cases cited in note 80; 23 Cyc. 1348, and cases cited in note 28; Jones, Evidence (2d ed.) sec. 589 (606) p. 745; 1 Wharton, Law of Evidence (3d ed.) sec. 776; Underhill, Evidence, sec. 156; *Betts v. New Hartford,* 25 Conn. *180. See, also, *Sickler v. Mannix,* 68 Neb. 21. As the only purpose for which the record was offered was to establish the fact upon which the judgment was rendered and which was pleaded and insisted upon as a defense in this case, there was no error in excluding it. There is no doubt but that judgments of conviction are competent and sometimes important evidence in cases where they are admissible, as for the purpose of impeaching a witness, to establish outlawry, the destruction of civil rights, and the like, but in such cases the records are admissible only for the purpose of proving the existence of the judgments, and not to prove the facts upon which they were founded.

Instruction numbered 9 reminded the jury of statements and references to the alleged conviction of plaintiff in the district court for Butler county, and directed them to pay no attention to the result of that prosecution, that it had nothing to do with their verdict, and they should disregard all such statements and allusions. There was no error in the instruction. The fact of that conviction had no place in the trial of this cause.

It is said in defendant's brief that the court erred in permitting plaintiff to withdraw testimony of good character, but there is no indication as to where in the bill of exceptions the testimony or ruling can be found, as required by clause "h" of rule 9 of this court, and we will have to be excused from searching the four volumes of the bill of exceptions for that specific ruling.

It is argued that the court erred in allowing plaintiff to place her interpretation upon certain letters introduced by defendant which she had written to a certain bucket shop dealer in David City. Those letters were cautionary in their character, and to one unacquainted with the facts as she understood them are susceptible of two constructions—one in her favor, the other against her—and in some respects they were incomplete and their meaning was obscure. She was permitted to explain what she meant by certain phrases and sentences contained in them. The explanation consisted in a statement of the condition of her whole dealing, instead of a part only as she insisted had been unjustly used to her disadvantage. This was followed by the application of those facts to the language used—what she referred to—and what she meant. Common fairness would seem to give her the right to make the explanation, of the truth of which the jury would have to be the judge.

The question of the murder of the assured by plaintiff, the beneficiary, was thoroughly and quite exhaustively tried by the introduction of oral testimony, and all the facts and circumstances in connection with the death of the decedent appear to have been fully investigated. Plaintiff was a witness in her own behalf and gave her version of the death of her husband, which, if true, would demonstrate that she was not guilty of his murder. She was thoroughly and searchingly cross-examined. The whole subject was submitted to the jury, and their finding on the facts must be accepted as binding upon this court.

Complaint is made of the instructions given the jury by the court. They have been examined, and appear to have been given in accordance with the views herein above expressed, and do not require specific notice here. The main question of fact upon which the case depended was for the jury. We detect no reversible error by the district court.

The judgment is

AFFIRMED.