MARY C. LEGAN, APPELLANT, V. FRANK SMITH, APPELLEE.[*]

FILED MARCH 13, 1915. No. 18002.

1. **Appearance.** "An appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not." *Perrine v. Knights Templar's & Masons' Life Indemnity Co.*, 71 Neb. 273.

2. **Wills:** CONSTRUCTION: VESTING OF BEQUEST. The fifth clause of the will, set out in the opinion, examined, and *held* to have vested in

[*] Modified. See opinion, p. 682, *post*.

defendant, immediately upon the death of the testatrix, an unconditional title to and interest in the bequest therein expressed, and that the only office of the demand specified in the proviso in such clause would be to prevent a forfeiture of such bequest at the end of one year.

3. Garnishment: DEMAND. Where a debtor has funds in the possession or under the control of another under such circumstances that he cannot institute an action therefor without previous demand, such funds, if otherwise liable to be subjected to garnishment, cannot be exempt for want of preliminary action on the part of such debtor. In such case the creditor would have the right to make the demand and reach such fund by garnishment.

4. ————: DISCHARGE OF GARNISHEE: SUFFICIENCY OF EVIDENCE. The evidence examined and partially set out in the opinion, when considered together with the facts and circumstances surrounding the parties, *held* insufficient to sustain the judgment discharging the garnishees.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*W. S. Morlan* and *Lewis C. Paulson*, for appellant.

*Tibbets, Morey, Fuller & Tibbets*, contra.

FAWCETT, J.

In 1902 defendant left his home in Kearney county for parts unknown, abandoning his four minor children, who since that time have lived with and been cared for and supported by their grandmother on their mother's side. The petition alleges that when defendant departed he left the children with plaintiff, with the request that she care for and look after them; that she has done as requested, but that defendant has failed and refused to provide any support for the children or to pay her any part of the sum reasonably due plaintiff therefor, which she alleges is the sum of $4,304, for which the petition prays judgment. In April, 1912, Sarah Smith, mother of defendant, departed this life, leaving a last will and testament by which she disposed of all of her property to her three children, consisting of defendant, a sister, Edna B. Milbourn, and a brother, Arthur H. Smith. The will was duly probated in

May, 1912. By the third and fourth clauses in the will Mrs. Smith devised the south half of a quarter section of land in Kearney county to her son Arthur, and the north half thereof to her daughter Edna. The fifth clause is as follows: "I give, devise and bequeath to my son Frank Smith the sum of thirty-five hundred dollars ($3,500) to be paid to him within one year after my death, my said legatees above each to be charged with the one-half thereof and the said share hereby made chargeable to the said respective legatees is hereby made a lien upon the land herein respectively bequeathed to each to wit: $1,750 shall be a lien on the south half and $1,750 on the north half of said quarter section. Provided, however, that if the said Frank Smith shall fail to call for and demand said legacy hereby bequeathed to him within one year after my death then he shall not be entitled to receive the same nor any portion thereof but the same shall be void and of no effect as to him and every person who may claim under him." On July 13, 1912, plaintiff commenced this action to recover the sum due from the defendant, and sought to subject to the payment of her claim, by attachment and garnishment, the money which she claimed was payable to defendant from his brother and sister, under the will, and they were duly summoned as garnishees. From a judgment discharging the garnishees and sustaining an alleged special appearance of defendant and dismissing plaintiff's action, she appeals.

Some time shortly prior to the death of Mrs. Smith, it was learned by the family that Frank was living in the state of Oregon. Service was made on him in that state. He filed the following special appearance: "Comes now the above named defendant and appears specially for the sole and only purpose of objecting to the jurisdiction of the court on the following grounds: (1) The summons was not returned within the time fixed therefor. (2) The affidavit for service by publication is false in the following particular: The legacy to defendant in the will therein mentioned was not unqualified as stated in said affidavit, but was conditioned upon demand therefor by said lega-

tee within one year, which demand has never been made by defendant. (3) The copy of said summons alleged by the return to have been served on defendant was not certified by the deputy who made such return to be a true copy. (4) The garnishees served in said action are not indebted to defendant in any amount whatever, and have no property of defendant in their possession, and defendant has no property or credits within said Kearney county or state of Nebraska, and the allegations of the said affidavit to that effect are false and untrue. (5) The alleged copy of summons, which is hereto attached, contained no description of any property attached or credits garnished. (6) The affidavit for attachment is false and untrue for the same reasons set out in paragraph four hereof. (7) No notice to defendant was ever published and no process was ever served upon defendant, either personally or constructively, notifying him of any attachment or garnishment. (8) That at the time of the attempted service of process upon defendant no property, rights or credits of defendant had been attempted to be taken or seized in said state of Nebraska, and such attempted service of process was therefore void, defendant being at such time a nonresident of Nebraska, and no service of process having been attempted except by the copy of summons hereto attached." The trial court sustained this special appearance and dismissed plaintiff's action. This was clearly erroneous. The attempted special appearance of defendant was a general appearance and gave the court full jurisdiction over his person. *Perrine v. Knights Templar's and Masons' Life Indemnity Co.*, 71 Neb. 267, and, on rehearing, 273.

We infer from the record that Arthur H. Smith and Mrs. Milbourn, who were served as garnishees, filed with the clerk of the district court some sort of an answer, but such answer does not appear in the record. The record simply shows that they appeared and answered questions propounded to them by court and counsel. From their testimony it appears that from the time Frank left home, until shortly before the death of their mother, his where-

abouts were unknown, but that shortly before the death
of their mother, as stated, it was learned by the family
that he was living in the state of Oregon. When the will
was filed for probate Arthur wrote defendant and ex-
plained to him the conditions of the will, especially that
portion that Frank was interested in, and also sent him a
waiver of notice of the probating of the will, which Frank
signed and returned to him. Thereupon he and his sister
both joined in the waiver, and the same was filed in the
probate court, and the will was duly probated. Arthur
and Mrs. Milbourn each testified to having received sev-
eral letters from Frank after the death of their mother,
but, when asked if they had the letters, Mrs. Milbourn
answered: "No, sir; I didn't make it a point to keep
them." Arthur answered that he did not have any of the
letters which he had received. When asked what he did
with them, he answered: "Burned them up." They each
testified that Frank had not made any demand on them
for the amount bequeathed him in the will. Mrs. Mil-
bourn answered that she never intended to send Frank
any of the money unless he demanded it, and that she
never would do so. Arthur was asked: "Q. Will you
ever send it to him if he does not? A. I don't think I will;
no, sir." The testimony of both shows that there had been
some talk with the attorney for the executor about obtain-
ing from Frank a release of the lien upon their land before
sending him the money. Arthur testified: "Mr. King sug-
gested it. Q. You got the suggestion from Judge King
about getting a release before sending the money to your
brother in Oregon? A. We didn't ask Mr. King for the
release; Mr. King suggested that we do certain things.
Q. Why would he suggest doing certain things? A. I don't
know what his reason was; I didn't ask him for the in-
formation." Taking the testimony as a whole, we think
the court erred in discharging the garnishees. It is too
great a tax upon our credulity to ask us to believe that
there was not a perfect understanding between Frank and
his brother and sister in relation to the money coming to
him under his mother's will, or that he would allow a

$3,500 well-secured bequest to go unclaimed. If, by a secret agreement with his brother and sister, he can so manipulate the matter that his mother-in-law may be defrauded of her just compensation for taking care of his children, he evidently is ready to perpetrate that fraud. Why is it that after ten years' absence a correspondence suddenly springs up between these brothers and sister? Why is it that Arthur has "burned up" the letters which he received from Frank, and that Mrs. Milbourn "didn't make it a point to keep them?" How does it happen that the three are all appearing in this action by the same counsel? There is only one reasonable answer—that they are acting in concert to enable Frank to obtain this money in fraud of the right of plaintiff to reasonable compensation for the board, clothes, care and medical attention bestowed upon his children for ten years. Circumstances speak louder than words ofttimes, and the circumstances in this case indicate, we think, that Frank has signified to his brother and sister his intention to call for the money, and that they are so regarding the matter. The district court has misconstrued the proviso in the will. A demand by Frank was not necessary to vest the bequest in him or to fasten a liability upon the garnishees therefor. Frank's interest vested immediately upon the death of his mother. The only office of a demand upon his brother and sister for the payment of the bequest was to prevent a forfeiture of the bequest at the end of one year. Hence, we think it is clear that the proviso is a condition subsequent and should be so treated. Being such at the time this action was commenced and process in garnishment served upon the brother and sister, who by the terms of the will were made liable for the payment of the bequest, the garnishees owed Frank $3,500 absolutely and unconditionally. It is true, he could, *subsequently,* release them from that liability by failing to call for it, but that did not alter the fact that at the time the action was commenced there was an indebtedness coming to him from his brother and sister which could be reached by his creditors by garnishment. This being so, he could not prevent his creditors from obtaining, out of

this fund, payment of money due them, by simply sitting back and failing to make a demand. They would have a right to make the demand for him; and, by instituting the present action, the plaintiff must be held to have made such demand. As stated by counsel for plaintiff, where a debtor has property or funds in the possession or under the control of another, "under such circumstances that he cannot institute an action therefor without previous notice or demand, such property or funds, if otherwise liable to be subjected to garnishment, cannot be exempt for want of such preliminary action on the part of the defendant; for, if so, he might foil the thrust of the creditor by purposely avoiding the giving of the notice or the making of the demand." Such dishonest conduct the courts will not sanction.

The judgment of the district court is reversed, with directions to overrule the special appearance of defendant Frank Smith and permit plaintiff to prove her debt against him, and to require the garnishees to appear and make further answer, and for further proceedings in harmony with this opinion.

REVERSED AND REMANDED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.