State, ex rel. Long, v. Westover.

---

STATE, EX REL. PETER J. LONG ET AL., RELATORS, V. WILLIAM H. WESTOVER, DISTRICT JUDGE, RESPONDENT.

FILED FEBRUARY 16, 1922. No. 22543.

1. **Judgment: SUIT TO VACATE: VENUE.** A suit in equity to vacate and set aside a judgment of a district court on the ground that it was procured by perjury and other forms of fraud must

be brought in the court in which the judgment was rendered.

2. ——: ——: TRANSCRIPT. Under section 7996, Rev. St. 1913, the transcript of a judgment in the district court of another county is "in the same plight" as the original judgment. It is an incident thereto and can only be vacated and set aside for grounds inhering in the judgment, in a suit to set aside the judgment. This applies also to a suit to remove an apparent cloud upon the title to lands caused by the filing of such a transcript.

3. ——: RELIEF IN EQUITY. Equity acts *in personam.* Even though property is beyond the reach of the process of the court, and it can exert no power or control over it, it may, by a decree against a person over whom it had acquired jurisdiction, enforce action or nonaction with respect to such property, and while it cannot require another court of co-ordinate jurisdiction to set aside its judgment, alleged to have been procured by fraud, it may, if the facts justify it, restrain such persons from enforcing such a judgment and grant other adequate relief.

4. ——: ——: JURISDICTION. Such an action is of a transitory nature and the court may acquire jurisdiction over the parties either by service of summons or by their general appearance in the action.

5. Appearance: JURISDICTION. "An appearance for the purpose of objecting to the jurisdiction of the court of the subject matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not." *Perrine v. Knights Templar's & Masons' Life Indemnity Co.,* 71 Neb. 273.

Original proceeding in mandamus to compel respondent to modify an order of injunction. *Writ denied.*

*Byron G. Burbank* and *Thomas Lynch,* for relators.

*Sullivan, Wright & Thummel* and *Arthur F. Mullen,* contra.

Heard before MORRISSEY, C. J., DAY, DEAN, FLANSBURG, ALDRICH, LETTON and ROSE, JJ.

LETTON, J.

A judgment for $75,000 was obtained in the district court for Douglas county by certain parties, hereinafter

termed "the Longs," against other parties, hereinafter termed "the Krauses." A transcript of this judgment was filed in Sheridan county. Afterwards an action was brought by the Krauses in the district court for Sheridan county against the Longs, their attorneys, and the sheriff of the county, praying the court to vacate and set aside the judgment in the district court for Douglas county, to enjoin the Longs and any one claiming under them from proceeding to the collection of the judgment, and to quiet the title to their lands in that county against any claims under the judgment; it being alleged that the judgment was procured by perjury and other fraud on the part of the Longs. A temporary restraining order was issued and the cause set for hearing. The Longs brought an original proceeding in mandamus in this court against Honorable W. H. Westover, judge of the district court for Sheridan county, praying that this court issue a peremptory writ of mandamus directing the judge to set aside the restraining order on the ground of want of jurisdiction. The writ of mandamus was refused. The Longs then filed objections and exceptions in the district court for Sheridan county to the jurisdiction of that court over the subject-matter of the action, and over the persons of the defendants, no personal service having been had. These objections were overruled. The Krauses filed an amendment to their original petition, alleging their ignorance of the fraud and falsity of the testimony until after the Douglas county litigation was finally disposed of, such ignorance being without negligence on their part; that the Longs are and were nonresidents of the state; that the Krauses have no property in Douglas county; that the district court for Douglas county has no power to grant adequate relief in the premises; that they have no remedy at law save in the Sheridan county district court; and that the original cause of action arose in Sheridan county. The prayer to the petition was also amended by leave of court. The prayer is now as follows:

"That the transcript of judgment entered in the district court of Douglas county, Nebraska, in favor of said defendants, Peter J. Long and Anna Long, and against John H. Krause and Herman J. Krause, be vacated, set aside and held for naught; and that a temporary injunction issue enjoining the above named defendants, and each of them, and any and all persons claiming by, through or under them, or either of them, be enjoined from taking any steps or proceedings in Sheridan county toward the collection or enforcement, either by execution or otherwise, of the said judgment so transcripted, or making any claim or demand of any nature whatsoever by reason thereof, and that, upon a final hearing of said cause, said injunction be made permanent; that the title of plaintiffs' lands be quieted as against any claims by said defendants, or any of them, under said judgment, and that they have such other and further relief as may be just and equitable."

The defendants each excepted and objected to this amendment, "for the reason that said court has no jurisdiction or authority to entertain said motion or make said order." The matter of the special appearances was then taken up. The court overruled the objections to the jurisdiction of the court over the persons of the defendants, and over the subject-matter of the action. Plaintiffs demanded a default be taken, "whereupon the court stated that the plaintiffs were entitled to a default unless the defendants requested time to plead or move, and that such default would be entered unless defendants made such request; that thereupon the defendants severally ask 20 days leave to plead or move to the jurisdiction of the court, which is granted." A temporary order of injunction was then allowed, enjoining the collection of the judgment until the further order of the court, upon plaintiff executing an undertaking for $2,000, which was duly executed and approved. The Longs then brought this original proceeding in this court, praying for a peremptory writ of mandamus to direct Judge Westover to

State, ex rel. Long, v. Westover.

modify this order of injunction so that the modified order shall enjoin the enforcement of the judgment in Sheridan county "until such a reasonable time as said judgment defendants in the exercise of due diligence, upon a proper showing, may litigate in the district court of Douglas county, their said pleas that said judgment was procured by perjury and other forms of fraud," and also directing said judge to proceed no further in the action, should the Krauses fail to commence litigation in Douglas county within a time limited in the modified order of injunction.

At the time the former application for a writ of mandamus was filed in this court, the object of the suit pending in Sheridan county was to vacate and set aside the judgment in Douglas county, to enjoin its enforcement generally, and to quiet the title to lands of the Krauses against any claims by defendants under the judgment. The court was of the opinion that Douglas county was the proper venue; that the district court for Sheridan county, being a court of co-ordinate jurisdiction with that of Douglas county, had no jurisdiction to vacate and set aside the judgment which was of record in the district court for Douglas county, but that proceedings to enforce the judgment in Sheridan county might properly be stayed while an action to set aside the judgment was pending in the district court for Douglas county.

When the case again came on for hearing in Sheridan county, the petition was amended so as to change the character of the proceeding. The object now is to set aside the transcript filed in Sheridan county; to restrain the holders of the judgment from enforcing the same in Sheridan county; and to quiet the title to plaintiffs' lands from all claims under the judgment, and for other equitable relief.

An action to set aside a judgment must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of co-ordinate jurisdiction. A judgment is a mat-

ter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. *Ryan v. Donley*, 69 Neb. 623, 630; *Trimble & Blackman v. Corey & Son*, 78 Neb. 639; *Carlson v. Ray*, 104 Neb. 18.

In a few cases in this state where objections were not raised, such decrees have been rendered, but these cases are not authority for such a practice. *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44; *Security Mutual Ins. Co. v. Ress*, 76 Neb. 141.

The transcript of a judgment is in the same plight. Section 7996, Rev. St. 1913, provides: "Such transcript shall at all times be affected and be in the same plight as the original judgment." We have held that a motion to revive a transcripted judgment of the district court must be made in the court where the judgment was rendered, and it is said: "The Nebraska statute upon which plaintiff relies authorizes an execution, but not a revivor. * * * It leaves the court of original jurisdiction in complete control of its own judgment. That court has power to renew the lien, to cancel it for any lawful reason, to make orders respecting parties, to direct satisfaction in case of payment; and to perform any other judicial act essential to the rights of any party to the suit. Orders made in the exercise of such power affect transcripts in other jurisdictions in the manner described in the proviso to section 429a of the Code. The jurisdiction of the court to which the judgment is transferred is not the same as that of the court rendering the judgment, unless made so by statute." *Case Threshing Machine Co. v. Edmisten*, 85 Neb. 272.

The prayer to quiet the title to lands is based upon the fact that the transcript is on file in Sheridan county. A judgment in Douglas county is not a lien on lands in Sheridan county unless a transcript of the same is on file in that county. The transcript is based upon and

is only an incident to the judgment. The title cannot be quieted against the cloud created by a transcript without setting it aside. Where the defect is in the transcript itself, for instance, if it fails to be a true exemplification of the record, or for any other reason not concerned with the judgment itself, this may be done by an action in the county where it is filed; but, if the alleged defect inheres in the judgment itself, it can only be done in the court which rendered the judgment. If the judgment should be vacated in that court, then a suit to quiet the title against the apparent lien can be maintained in Sheridan county.

Respondent has cited many cases to the effect that a court of equity may set aside judgments for fraud. In only one case cited has the transcript of a judgment been set aside in another court. That is the case of *Carlson v. Ray,* 104 Neb. 18, and the only ground for so doing was that there is no power in a county court acting as a justice of the peace to vacate its own judgment for fraud. The opinion recognizes the general rule to be as above stated, upon substantially the same grounds.

But another kind and form of relief is prayed for. An injunction against the enforcement of the judgment is sought against the holders thereof. This is an action *in personam* and is transitory in its nature. Such a suit requires jurisdiction of the person, either by proper service or by appearance. In the event the Krauses are successful, the record of the judgment in Douglas county will be unaffected by the decree, but the parties defendant will be restrained from enforcing it.

It is a maxim that equity acts *in personam.* Even though property is beyond the reach of the process of the court, and it can therefore exert no power or control over it, it may by a decree against a person over whom it has acquired jurisdiction enforce action or nonaction with respect to such property. It may compel specific performance of a contract to convey lands lying in another state, and it may restrain proceedings in the courts of

other states or countries. "Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitæ*, which he could do voluntarily, to give full effect to the decree against him." *Phelps v. McDonald*, 99 U. S. 298.

In *Marshall v. Holmes*, 141 U. S. 589, cited by respondent, it is said, speaking of the power of the court in a similar action: "While it cannot require the state court itself to set aside or vacate the judgments in question, it may, as between the parties before it, if the facts justify such relief, adjudge that Mayer shall not enjoy the inequitable advantage obtained by his judgments. A decree to that effect would operate directly upon him, and would not contravene that provision of the statute prohibiting a court of the United States from granting a writ of injunction to stay proceedings in a state court. It would simply take from him the benefit of judgments obtained by fraud."

The objections made by defendants to the jurisdiction of the district court for Sheridan county are upon the grounds that none of the defendants was served with summons in the action, or found in Sheridan county, or resides therein, and that none of them appears in the action except for the purpose of excepting to the jurisdiction of the court over the subject-matter of the action, and the persons of each and all of the defendants.

Being a transitory action, the court has jurisdiction over the subject-matter and may exercise the same whenever it has obtained jurisdiction over the persons of the defendants. In *Perrine v. Knights Templar's & Masons' Life Indemnity Co.*, 71 Neb. 267, 273, it was held that, in a transitory action, "An appearance for the purpose of objecting to the jurisdiction of the court of the subject-matter of the action, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the

State, ex rel. Long, v. Westover.

court over the person of defendant, whether the defendant intended such waiver or not." This decision has been followed in *Brainard & Chamberlain v. Butler, Ryan & Co.,* 77 Neb. 515; *Summit Lumber Co. v. Cornell-Yale Co.,* 85 Neb. 468; *Lillie v. Modern Woodmen,* 89 Neb. 1; *Clark v. Bankers Accident Ins. Co.,* 96 Neb. 381; *Legan v. Smith,* 98 Neb. 7; *Barkhurst v. Nevins,* 106 Neb. 33.

The defendants not having confined their appearance to challenging the jurisdiction of the court over their persons, but having challenged the jurisdiction of the court over the subject-matter, and the challenge not being well founded with respect to the prayer for restraining the collection of the judgment, submitted themselves to the jurisdiction of the court for its judgment upon that question, and thus made a general appearance as to that part of the action in which the court had jurisdiction of the subject-matter.

A court of equity, when it has obtained jurisdiction of the persons, has full power to render full and adequate relief through them, even to the enforcement of action looking toward the satisfaction or cancelation of any paper fraudulently obtained or executed, or the satisfaction of judgments wrongfully obtained. *Jefferson v. Gregory,* 113 Va. 61; *Barnesley v. Powell,* 1 Ves., Sr. (Eng.) 284; *Loss v. Obry,* 22 N. J. Eq. 52; *Fall v. Fall,* 75 Neb. 120; 2 Story, Equity Jurisprudence (13th ed.) sec. 899, 900; *Cole v. Cunningham,* 133 U. S. 107.

The court having acquired jurisdiction, has power to enjoin the enforcement of the judgment, and afford other adequate relief within its power and jurisdiction, but it has no direct power to vacate the judgment or set aside the transcript until the judgment is disposed of. Nothing hereinbefore said is to be construed as expressing any opinion as to the issues of law or fact involved in the pending case in the district court for Sheridan county.

WRIT DENIED.