AYULO et al. v. MOLLEN, THOMPSON & JAMES CO.

(District Court, N. D. Ohio, E. D. April 4, 1922.)

No. 10749.

Sales ⟂48—Contract for sale of sugar by unlicensed dealer held void.

A contract for sale of sugar made by an unlicensed dealer, in violation of the requirement of the President's proclamations of September 7, 1917, and October 8, 1917, issued pursuant to authority given by National Defense Act Aug. 10, 1917, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛g), and prior to the proclamation declaring the war terminated as prescribed in section 24 of the act (section 3115⅛pp), is void, and an action cannot be maintained thereon.

At Law. Action by Alfredo Ayulo and Alberto Ayulo, partners as Ayulo & Co., against the Mollen, Thompson & James Company. On demurrer to second defense of amended answer. Overruled.

Garfield, MacGregor & Baldwin, of Cleveland, Ohio, for plaintiffs.

Weed, Rothenberg, McMorris & Smith, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Plaintiffs' demurrer to the defense numbered "Second Defense" of amended answer filed herein is overruled. This defense in substance alleges that the President's proclamations of September 7, 1917, and October 8, 1917, were still in force and effect at the time the contract sued on was made. This appears to be conceded by counsel for plaintiffs. These proclamations require all persons or firms engaged in the business either of importing or distributing sugar to obtain a license as required by these proclamations, and by section 5, National Defense Act August 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛g). This section authorizes the President to prohibit the importation or distribution of necessaries unless the license shall be secured and held pursuant to the provisions of that section; and it makes it a criminal offense punishable by a fine not exceeding $5,000, or by imprisonment for not more than two years, or both, for any one to engage in or carry on a business for which such license is required, without obtaining the license. Upon the conceded facts and the allegations of this defense the contract appears to have been made in violation of this section.

That the President's proclamations, orders, and regulations made by virtue of the power thereby conferred are valid and binding, is established by the following cases: Missouri Pacific R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, decided by the United States Supreme Court June 1, 1921; Alabama & V. R. Co. v. Journey, 257 U. S. 111, 42 Sup. Ct. 6, 66 L. Ed. ——, decided by the United States Supreme Court November 7, 1921.

⟂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 24 of this act (section 3115½pp) provides that its provisions shall cease to be in effect when the existing state of war between the United States and Germany shall have terminated, and the fact of the date of such determination shall be ascertained and proclaimed by the President. It is held that the Armistice did not of itself operate to terminate the war, but that the state of war and all war-time legislation continued in force until such termination was ascertained and declared by the President. See Kahn v. Anderson, 255 U. S. 1, 41 Sup. Ct. 224, 65 L. Ed. 469, Givens v. Zerbst, 255 U. S. 11, 41 Sup. Ct. 227, 65 L. Ed. 475.

The authorities as to when a contract entered into in violation of law is absolutely void and will not support an action are too numerous to review. The general principles are correctly stated in 13 Corp. Jur. §§ 351, 352, 353, and 354; note, 12 L. R. A. (N. S.) 575. See also Rose's Notes to Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759. The United States Supreme Court cases in point are Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759; Waskey v. Rammer, 223 U. S. 85, 94, 32 Sup. Ct. 187, 56 L. Ed. 359. The Sixth Circuit Court of Appeals cases in point are Coweta Fertilizer Co. v. Brown, 163 Fed. 162, 89 C. C. A. 612; Carland v. Heckler, 233 Fed. 594, top page 506, 147 C. C. A. 390; Reichardt v. Hill, 236 Fed. 817, 150 C. C. A. 79; Western Indemnity Co. v. Wm. H. Crafts et al., 240 Fed. 1, 153 C. C. A. 37.

Applying the principles of these cases to the facts admitted by the pleadings and the allegations of the second defense, the demurrer is not well taken. An exception may be allowed.