Ida May Russ, as Administratrix, etc., of Andrew Russ, Deceased, Respondent, *v.* The New York Central Railroad Company and Walker D. Hines, as Director General of Railroads, Appellants.

Third Department, December 29, 1919.

Trial — venue — action against Director General of Railroads — motion to change place of trial on ground of convenience of witnesses — laches — condition of granting motion.

In an action against the Director General of Railroads, a motion made by the defendant, nearly two months after the filing of a note of issue, to change the place of trial, on the ground of convenience of witnesses, to the county where the accident happened and the plaintiff and all the witnesses resided, and where the action should have been brought under a standing order of the Director General of Railroads, should not be denied on the ground of laches, nor should the court as a condition to granting said motion compel the defendant to stipulate to try the case at a Trial Term commencing six days after the hearing of the motion.

Appeal by the defendants, The New York Central Railroad Company and another, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 7th day of October, 1919, denying defendants' motion to change the place of trial.

*Visscher, Whalen & Austin,* for the appellants.

*William E. Woollard,* for the respondent.

Lyon, J.:

This is an appeal from an order changing the place of trial from the county of Albany to the county of Montgomery, conditioned upon the defendant Hines stipulating to try the case at the Montgomery Trial Term commencing October 13, 1919, and in case he should fail to so stipulate, said motion should be denied. The defendant failed to so stipulate and an order was entered denying the motion, from which order this appeal was taken.

The action was commenced by the service of a summons and complaint on the defendant Hines as Director General of Railroads on the 16th day of July, 1919. An answer was

served on the fifth day of August.   No service was made nor appearance had upon the part of the New York Central Railroad Company.   The attorney for the defendant Hines herein was Alexander S. Lyman, and the papers in the action were sent by him to the attorneys for the defendants on September twenty-seventh.   The cases arose out of an accident at a crossing near Sprakers, N. Y., by which three persons were killed and two seriously injured.   On the day of the receipt of the answer, plaintiff's attorney mailed to Lyman a notice of trial for the term commencing October sixth, and filed a note of issue.   Some attempt at negotiations was had in September, and on September twenty-ninth the defendant moved to change the place of trial from Albany county to Montgomery county, on the ground of the convenience of witnesses.   No opposition to the motion was made except of laches in making the motion, the plaintiff consenting to granting the motion conditioned upon the case being placed upon the calendar of Montgomery County Trial Term commencing October 13, 1919. A stipulation is contained in the record that if the order changing the place of trial be affirmed, the appeal taken in the other three actions shall be withdrawn and the place of trial shall remain in the county of Albany; that if the Appellate Division shall reverse said order, an order shall be entered changing the place of trial to Montgomery county.   The twenty-seventh day of September, when the defendants' attorneys received the papers from Lyman, fell on Saturday.   On the twenty-ninth of September an order to show cause why the place of trial should not be changed from the county of Albany to the county of Montgomery was duly granted, and the proceedings to bring the case to trial at Albany on October sixth were thereby stayed.   By agreement the motion was heard at the Albany term October seventh when the order appealed from was made.

Director General Hines declared by General Order No. 18-A, bearing date April 18, 1918, " That all suits against carriers while under Federal Control, must be brought in the County or District where the plaintiff resided at the time of the accrual of the cause of action, or in the County or District where the cause of action arose."   The courts will recognize the policy of the government to interfere as little as possible with the

convenience of parties and witnesses in suits brought against railroads while under government control. This order required the action to be brought in Montgomery county. Not only that but the plaintiff resided in Montgomery county. The accident took place there. All the witnesses resided there. The expense of getting the witnesses to Albany county and maintaining them there will be much greater than in Montgomery county.

The plaintiff's attorney in violation of the order brought the action in Albany county, and seeks to maintain it there solely upon the ground of laches in asking that it be changed to the proper county. The laches are not sufficient to defeat the motion. Compelling the defendant to go to trial on October thirteenth in cases of such importance and without more time to defendants' attorneys for preparation strikes us an unwise exercise of discretion. The motion should be granted without conditions, and the plaintiff allowed to try the case where the cause of action arose.

Motion granted changing the place of trial to Montgomery county, with ten dollars costs and disbursements to appellants to abide the event.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.