# ALABAMA & VICKSBURG RAILWAY COMPANY ET AL. *v.* JOURNEY.

ERROR AND CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 55. Argued October 21, 1921.—Decided November 7, 1921.

1. The order of the Director General of Railroads, prescribing that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose, was a reasonable exercise of the power conferred by Congress on the President, through the Federal Control Act. P. 114. *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554.

2. So *held,* where the action was against the railroad company, in a state court, on a cause which arose before federal control.

122 Miss. 742, reversed.

CERTIORARI to a judgment of the Supreme Court of Mississippi affirming a judgment for damages against the present petitioners.

*Mr. J. Blanc Monroe,* with whom *Mr. Monte M. Lemann* and *Mr. R. H. Thompson* were on the briefs, for plaintiffs in error and petitioners.

*Mr. Robert B. Mayes,* for defendant in error and respondent, submitted. *Mr. J. A. Teat, Mr. Chalmers Potter* and *Mr. Clayton D. Potter* were also on the brief.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

On April 30, 1918, Smith Journey sued the Alabama & Vicksburg Railway Company in the Circuit Court for the Second District of Hinds County, Mississippi, for an injury suffered on October 24, 1917. At the time of the accident the railroad was being operated by the company. When suit was brought the railroad was under federal control. The company pleaded in abatement that the plaintiff was not a resident of Hinds County when the alleged injury occurred and that the alleged cause of action did not arise in the district of the county in which suit was brought. And it set up Order No. 18 of the Director General of Railroads, as amended April 18, 1918, which prohibited the institution of suits against railroads under federal control in the court for any district other than that in which the plaintiff had resided or in which the alleged cause of action arose.[1]  A demurrer to the

---

[1] *General Order No. 18.*          April 9, 1918.

Whereas the Act of Congress approved March 21, 1918, entitled, "An Act to Provide for the Operation of Transportation Systems While under Federal Control," provides (section 10) " That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provi-

plea was sustained; the plaintiff then recovered a verdict; and the judgment entered thereon was affirmed by the highest court of the State.  122 Miss. 742.  The case was brought here by writ of error.  A petition for a writ of certiorari was also filed and consideration of the latter was postponed until the hearing on the writ of error.  It is now granted; and the writ of error is dismissed.

The Supreme Court of Mississippi overruled the plea in abatement on the ground that Order No. 18 exceeded the powers conferred by Congress on the President and by him on the Director General.  Whether the state court erred in so holding is the only question before us.  That it

sions of this Act or with any order of the President. . . . But no process, mesne or final, shall be levied against any property under such Federal control"; and,

Whereas it appears that suits against the carriers for personal injuries, freight and damage claims, are being brought in States and jurisdictions far remote from the place where plaintiffs reside or where the cause of action arose, the effect thereof being that men operating the trains engaged in hauling war materials, troops, munitions or supplies, are required to leave their trains and attend court as witnesses, and travel sometimes for hundreds of miles from their work, necessitating absence from their trains for days and sometimes for a week or more; which practice is highly prejudicial to the just interests of the government and seriously interferes with the physical operation of the railroads; and the practice of suing in remote jurisdictions is not necessary for the protection of the rights or the just interests of plaintiffs.

It is therefore ordered, that all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose.

*General Order No. 18A.*     April 18, 1918.

General Order No. 18, issued April 9, 1918, is hereby amended to read as follows:

"It is therefore ordered that all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose."

did err is clear from what we said in *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554, decided since entry of the judgment under review. Section 10 of the Federal Control Act of March 21, 1918, c. 25, 40 Stat. 451, 456, permitted enforcement of liabilities against carriers while under federal control except " in so far as may be inconsistent . . . with any order of the President." It was within the powers of the Director General to prescribe the venue of suits; and the facts set forth in the order show both the occasion for it and that the venue prescribed was reasonable.

> *Writ of error dismissed.*
> *Writ of certiorari granted.*
> *Judgment reversed.*