O'Hara v. Davis.

JOHN O'HARA, APPELLEE, V. JAMES C. DAVIS, APPELLANT.

FILED FEBRUARY 15, 1923.   No. 23057.

1. **Appeal:** LAW OF THE CASE. There being no substantial difference in the evidence upon the second trial of this case from that set forth in the opinion at the former hearing, the conclusion of the court that the evidence was sufficient to sustain a judgment has become the law of the case, and is adhered to.

2. **Appearance:** JURISDICTION. An action for damages against the director general of railroads under the federal employers' liability act is both local and transitory under general order No. 18-A, and the district courts of this state have jurisdiction over the subject-matter of such an action. Where the director general specially appears to object to the jurisdiction of the court over his person, and at the same time challenges the jurisdiction of the court over the subject-matter of the controversy, as to which the motion is not well founded, this is a voluntary appearance equivalent to the service of summons, and gives the court jurisdiction over the person of such officer.

3. **Damages.** A verdict for $46.840.11 for an injury resulting in the loss of the sight of both eyes *held,* under the facts in this case, to be excessive, and a recovery of $37,500 is allowed.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed on condition.*

*N. H. Loomis, C. A. Magaw* and *Edson Rich,* for appellant.

*John O. Yeiser* and *J. C. Travis, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and FLANSBURG, JJ., SHEPHERD, District Judge.

PER CURIAM.

This case is here for the second time. At the first trial evidence was taken and both parties rested. A motion of defendant to direct a verdict in its favor was sustained, and the action dismissed. On appeal to this court the judgment was reversed and the cause remanded for further proceedings. *O'Hara v. Hines,* 108 Neb. 74. Upon a second trial plaintiff recovered a judgment for $46,840.11, and from this judgment this appeal is taken.

O'Hara v. Davis.

The evidence upon the second trial is substantially the same as that produced at the first trial, the substance of which is set forth at length in the former opinion. There are a few matters, however, which should be noticed. At the former trial there was no evidence as to changes, if any, in the explosiveness of the detonator that may have taken place by reason of the exposure and the treatment it had been subjected to. At this trial there is direct testimony of certain experts that the exposure of the detonator to the air, the loss of part of its contents, and the length of time it had been manufactured would make no difference in regard to its liability to explode, and they express the opinion that it could not be exploded in the manner testified to by plaintiff. In this connection it may be said that those witnesses testified that fulminate of mercury may be exploded by heat, by a scratch, or by a severe blow. As was in effect said in the former opinion, it is not inconceivable that the pulling and twisting of the wires in the detonator may have scratched or caused friction in the fulminate, and this, rather than the blow upon the rail, caused the explosion. Another difference in the proof is that in this case there is no exploded detonator in evidence with wires about an inch long, said to have been picked up near the place of the explosion. There was evidence tending to prove that even after the accident plaintiff had said that he saw yellow powder escaping from the cylinder, and that he tapped it upon the rail, which he had denied in his testimony. In the main, however, the testimony is the same as at the former trial, except that the testimony of the experts upon explosives may perhaps be stronger at this trial. There is serious doubt in the mind of the court whether the accident occurred in the manner testified to by the plaintiff, or in that narrated by the witness Berg, who testified that he saw the plaintiff hit the detonator with a hammer. Other witnesses testified that at the time of the explosion the plaintiff was 10 or 12 feet away from where the hammer was lying. Upon the disputed

questions of fact the jury had the right to decide, and there is sufficient evidence to sustain their finding that the accident occurred in the manner that plaintiff described.

The principal grounds relied upon for reversal are: That the court had no jurisdiction over the person of the defendant, and over the subject-matter of the suit; and that the evidence is not sufficient to support the verdict.

Error is also assigned as to the giving of instructions by the court, and the refusal to instruct the jury to return a verdict for the defendant. It is also said that it was prejudicial error for the court to embody in its instructions allegations of negligence unsupported by any competent testimony. In this connection it is said that it was not negligence for the defendant to fail to provide wire with which to tie the cloth to the cable, nor for the foreman to direct the use of the wire without examining the same, nor negligence for him to fail to see and note the dangerous condition of the wire. It is pointed out in the former opinion that, under the federal employers' liability act, a fellow workman stands in the shoes of the master, and when he acts for the master in a negligent manner, within the scope of his employment, his negligence is the neglience of the master. The argument in this connection that the workman did not give the wire to plaintiff to promote defendant's business, or in the course of it, but simply to comply with John O'Hara's request, was submitted to the jury, and their verdict settled the question as to whether such conduct of O'Hara was negligent.

Six of the propositions of law relied upon in the appellant's brief and the authorities cited to sustain them, are identically the same as those presented upon the former appeal, and the discussion in the opinion upon that appeal has settled the law as applicable to the facts in this case. There is nothing in the record as now presented which materially detracts from or modifies the force of the facts as recited therein.

It is strongly urged that the court had no jurisdiction of the person of defendant or the subject-matter of the action. The action is brought under the federal employers' liability act. The petition does not allege the place of residence of plaintiff.

By general order No. 18-A of the director general of railroads issued April 18, 1918, general order No. 18, relating to the venue of suits against the director general, was amended to read as follows: "It is therefore ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose." This provision was ineffectual by a later amendment.

In *Alabama & V. R. Co. v. Journey*, 257 U. S. 111, the supreme court of the United States held that it was within the power of the director general to prescribe the venue of such suits. Whether this power existed up to that time had been a disputed question. Some of the inferior federal courts had held that the director general had such power, others held to the contrary. Some of the later cases are: *Moore & Co. v. Atchison, T. & S. F. R. Co.*, 174 N. Y. Supp. 60; *Wainwright v. Pennsylvania R. Co.*, 253 Fed. 459; *Cocker v. New York, O. & W. R. Co.*, 253 Fed. 676; *Haubert v. Baltimore & O. R. Co.*, 259 Fed. 361.

After the petition was filed and summons served in Douglas county, the director general, "appearing specially and for the purpose only of objecting to the jurisdiction of the court over the person of the defendant and over the subject-matter of this action, moves the court to quash the summons herein." As grounds therefor, he alleged that plaintiff did not reside in Douglas county, Nebraska, at the time of the accrual of the cause of action, and that such cause of action did not arise in said county and state. No evidence was presented to prove these allegations, and the motion was properly

O'Hara v. Davis.

overruled. The defendant then answered, raising the
same objections to the jurisdiction of the court, and
also pleading to the merits.

The orders of the director general are concerned with
and govern only the venue of the action.  If the action
had been brought in the county or district in which the
plaintiff resided, the fact that the accident took place
in another county or district would not divest the court
of jurisdiction.  The action itself under these orders is
therefore so far transitory in its nature as to the subject-
matter, and if jurisdiction of the person of the defendant
had been obtained either by proper service of summons or
voluntary appearance, the question of the liability of the
director general would be properly before the court.

Similar provisions as to venue are to be found in the
Code of Kentucky.  In that state an action against a
common carrier for injury to a passenger, or to other
person, or his property, must be brought in the county
in which the defendant, or one of several defendants,
resides, or in which the plaintiff, or his property, is in-
jured, or in which he resides, if he resided in a county
through which the carrier passes.  The supreme court
of Kentucky held in *Chesapeake, O. & S. W. R. Co. v.
Heath's Admr.*, 87 Ky. 651, that said action is both a
local and a transitory one.  It is transitory because it
may be instituted in another county than that in which
the tort was committed, and under the Kentucky Code a
chief officer, or agent, may be served in any county where
he may be found; and it is made local at the option of the
plaintiff.  It is said: "The action, therefore, being
both local and transitory, the common pleas court of Mc-
Cracken county had jurisdiction of the subject-matter,
and could have rendered a personal judgment if there
had been any service on the defendant as provided by
the Code."  It is also said:  "The appellant in this case
has taken every step to prevent a judgment upon it with-
out service, and *has made no plea to the jurisdiction of
the court as to the subject-matter,* or entered any ap-

O'Hara v. Davis.

pearance to the merits by answer or otherwise, until compelled to do so by the trial court." It was held that the special appearance should have been sustained.

*Gillen v. Illinois C. R. Co.*, 137 Ky. 375, was an action against a railroad company for damages from a fire started by the negligence of the company, which injured the fences and timber upon the plaintiff's land. The court, after quoting section 73 of the Code providing that an action against a carrier for injury to a person, or his property, must be brought in the county in which the defendant resides, or in which the plaintiff, or his property, is injured, or in which the plaintiff resides, if he resides in a county through which the carrier passes said: "The purpose of sections 62-77 of the Code is not to regulate the jurisdiction of courts. The Code of Practice does not treat of the jurisdiction of courts, or attempt to regulate it. It simply regulates the procedure in civil actions. The purpose of these sections of the Code, as shown in the title, is to regulate the county in which the action may be brought; or, in other words, the venue of actions. If an action under any of these sections for the recovery of money within the jurisdiction of the court is not brought in the proper county, it may be dismissed if the objection is properly taken."

In a number of decisions of the United States courts, statutes providing for the venue of actions brought thereunder have been considered, and it has been held that, even though the statute under consideration in the particular case provided that actions should be brought only in the district where the defendant resides, or where the cause of action accrued, the defendant, if he made an appearance in an action brought in another district than that of his residence for any other purpose than objecting to the jurisdiction of the court over his person, waived his personal privilege not to be sued in such court. If the court in such case had jurisdiction of the subject-matter, it was given jurisdiction of the person by such an appearance and was vested with full authority to

proceed. The right to defend in the particular district is not a matter of jurisdiction, but of venue only, and the privilege may be waived. *In re Moore,* 209 U. S. 490; *Midland Contracting Co. v. Toledo Foundry & Machine Co.,* 154 Fed. 797; *Arizona & N. M. R. Co. v. Clark,* 235 U. S. 669; *Champion Spark Plug Co. v. Champion Ignition Co.,* 247 Fed. 200; *Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co.,* 210 U. S. 368; *Thames & Mersey Ins. Co. v. United States,* 237 U. S. 19; *St. Louis & S. F. R. Co. v. McBride,* 141 U. S. 127; *United States v. Hvoslef,* 237 U. S. 1.

In most of the cases cited from the United States supreme court, the trial court's attention was called, at the time of the special appearance, to a question based upon the merits of the case, in addition to the objections to the jurisdiction over the person of the defendant. In Nebraska, Ohio, and some other states an objection, which is not well taken, to the jurisdiction of the court over the subject-matter of the action, constitutes a general appearance. *Handy v. Insurance Co.,* 37 Ohio St. 366; *Elliott v. Lawhead,* 43 Ohio St. 171.

In *Perrine v. Knights Templar's & Masons' Life Indemnity Co.,* 71 Neb. 267, on rehearing 71 Neb. 273, defendant filed objections to jurisdiction as follows: "Comes now specially the above named defendant, for the sole purpose of objecting to the jurisdiction of the court, and for no other purpose, and submits that the court is without jurisdiction of the subject-matter or of the person of the defendant for the following reasons," etc. It is said in the syallabus of the case: "The appearance of a defendant, for the sole purpose of objection by motion to the jurisdiction of the court over his person, is not an appearance to the action; but, where the motion also challenges the jurisdiction of the court over the subject-matter of the controversy and is not well founded, it is a voluntary appearance equivalent to a service of summons." This case is followed on this point in the following cases: *Summit Lumber Co. v.*

*Cornell-Yale Co.,* 85 Neb. 468; *Clark v. Bankers Accident Ins. Co.,* 96 Neb. 381; *Lillie v. Modern Woodmen of America,* 89 Neb. 1; *Rakow v. Tate,* 93 Neb. 198; *Legan v. Smith,* 98 Neb. 7; *Maxwell v. Maxwell,* 106 Neb. 689; *State v. Westover,* 107 Neb. 593. See, also, *Mahr v. Union P. R. Co.,* 140 Fed. 921.

If the defendant had only appeared specially to object to the court's jurisdiction over his person on account of the action not being brought in the proper county, and that he was not compelled to litigate the question in Douglas county, the court would not have acquired jurisdiction over his person; but, if the defendant appears for any purpose except to object to the court's jurisdiction over his person, he thereby enters a general appearance in the action. Defendant called for a determination as to whether the court had jurisdiction of the subject-matter of the action, which required an examination of the petition and a ruling as to the nature of the action. He thereby called for the exercise of a judicial function not relating to jurisdiction over his person. He must necessarily be before the court in order that this might be done. There is no great hardship in the rule because, as said in *Western Life Indemnity Co. v Rupp,* 235 U. S. 261, 273:

"A nonresident party against whom a personal action is instituted in a state court without service of process upon him may, if he please, ignore the proceeding as wholly ineffective, and set up its invalidity if and when an attempt is made to take his property thereunder, or when he is sued upon it in the same or another jurisdiction. *Pennoyer v. Neff,* 95 U. S. 714; *York v. Texas,* 137 U. S. 15. But if he desires to raise the question of the validity of the proceeding in the court in which it is instituted, so as to avoid even the semblance of a judgment against him, it is within the power of the state to declare that he shall do this subject to the risk of being obliged to submit to the jurisdiction of the court

O'Hara v. Davis.

,to hear and determine the merits, if the objection raised to its jurisdiction over his person shall be overruled."

It must be conceded that, unless the defendant has brought himself under the jurisdiction of the court by a general appearance, the court did not acquire jurisdiction.

Did the district court have jurisdiction of the subject-matter of the action? Until the orders of the director general, the district courts of this state had full jurisdiction to try actions against railroads brought under the federal employers' liability act wherever service upon the defendant could be obtained. The order of the director general fixing the venue did not affect the subject-matter of the action. If, and when, jurisdiction of the person .had been obtained, the district court had full power to adjudicate the question whether the defendant had been guilty of actionable negligence. This was the essential matter presented to the court for its determination, and which, if it had acquired jurisdiction of the person, it had the power to decide. A verdict that the defendant .was not guilty of negligence, and a judgment dismissing the case would be *res judicata* in every court in the land, always premising that jurisdiction of the person had been obtained. *Hunt v. Hunt*, 72 N. Y. 217.

But, aside from these considerations, these facts are relevant: At the first trial motions were made to dismiss the case for the reason that the plaintiff had .not proved facts sufficient to constitute a cause of action, but no objection was made during the trial to the jurisdiction of the court, and the original special appearance and motion to quash the summons had been properly overruled, since there was no evidence to support it. No motion for a rehearing was made in this court after the filing of the former opinion in the case, and the former .decision of the court has become the law of the case.

Lastly, it is complained that the verdict is excessive. Plaintiff was earning $3.44 a day at the time of the ac-

cident. He had an expectancy of life, according to t°ʌ Carlisle table, of 42.87 years. He suffered severe pai. and his sight has been totally destroyed. The loss of earning power is only a part of the injury which the plaintiff sustained. He is compelled to walk in darkness for the remainder of his life, to be deprived of all the pleasures and joys which come from vision. His knowledge of the outer world will be largely circumscribed by the loss of the sense of sight, and he must in great measure continually be dependent upon others. No verdict for as large an amount as in this case has ever been sustained for such an injury, so far as the court has been able to ascertain, and no case allowing such a recovery has been cited to us. Considering the present worth of the amount of the verdict, and the amount which it would require to purchase an annuity providing the same daily wages which the plaintiff was earning at the time of the accident, for his expectancy of life, we are of the opinion that any verdict in excess of $37,500 is excessive. The judgment of the district court is affirmed if plaintiff file a remittitur of all in excess of $37,500 as of the date of the judgment, within 20 days, otherwise the judgment of the district court is reversed.

AFFIRMED ON CONDITION.

LETTON, J., dissenting.

If, as I am satisfied, the question of jurisdiction was not passed upon, or defendant concluded on this point by the former decision, the majority opinion is in direct conflict with the following decisions, and overrules them without mentioning them: *Hurlburt v. Palmer*, 39 Neb. 158; *Kyd v. Exchange Bank*, 56 Neb. 557; *Baker v. Union Stock Yards Nat. Bank*, 63 Neb. 801; *Templin v. Kimsey*, 74 Neb. 614; *Stelling v. Peddicord*, 78 Neb. 779.

In these cases it is held that a defendant may plead that he is privileged from suit in the county where the action is brought, without thereby making a general appearance in the action. The cases cited in the opinion

as to a general appearance being made, when jurisdiction over the subject-matter of the suit is challenged, are not applicable. Believing that defendant was privileged from suit in Douglas county, and had not waived this privilege, I respectfully dissent.