Davis v. Parks.

JAMES C. DAVIS, AGENT, *v.* GEORGIA PARKS.

(*Nashville.* December Term, 1924.)

1. LIMITATION OF ACTIONS. Action against President's agent could be brought within one year after dismissal of previous action because brought in wrong district, even though dismissal was for want of jurisdiction.

Plaintiff, whose action against the Director General of Railroads was dismissed because brought in county other than that in which he resided, or in which injury arose, as required by Federal Control Act, section 10 (U. S. Comp. St. Ann. Supp., 1919, section 3115¾j), as modified by General Orders Nos. 18, 18a, could bring another action against the President's agent under Act Feb. 28, 1920, section 206 (U. S. Comp. St. Ann. Supp., 1923, section 10071¼cc), within one year after dismissal, even if action was dismissed for want of jurisdiction, under Shannon's Code, section 4446, authorizing commencement of action within one year after rendition of decree on ground not concluding plaintiff's right of action, though section 4469 provides for commencement of action within one year after cause of action accrued, where validity of such general orders was in doubt at time of commencement of first action, since in such case commencement of action in such other district was not gross negligence. (*Post, pp.* 332-335.)

Acts cited and construed: Acts 1877, ch. 97; Acts 1915, ch. 47.

Cases cited and approved: Smith v. McNeal, 109 U. S., 426; Swift & Co. v. Warehouse Co., 128 Tenn., 82; Alabama & Vicksburg Ry. v. Journey, 257 U. S., 111; Sweet v. Electric Light Co., 97 Tenn., 252; Cole v. Nashville, 45 Tenn., 639; Railroad Co. v. Pillow, 56 Tenn., 248; Love v. White, 5 Tenn., 210; Chilton v. Scruggs, 73 Tenn., 313; Hughes v. Brown, 88 Tenn., 578.

Cases cited and distinguished: Walden v. Bodley, 14 Pet., 156; Hughes v. United States, 4 Wall., 232.

151 Tenn.—21.

Davis v. Parks.

Code cited and construed: Sec. 4446(S.); Sec. 2765 (Tenn.).

2. **RAILROADS.** Commencement of action against director general in wrong county did not affect court's jurisdiction.

Commencement of action against director general of railroads in county other than that in which plaintiff resided or in which cause of action arose as required by Federal Control Act, section 10 ( U. S. Comp. St. Ann. Supp., 1919, section 3115¾j), as modified by General Orders Nos. 18, 18a, did not deprive court of jurisdiction; the question being one of venue, and not of jurisdiction. (*Post, pp.* 335-346.)

Cases cited and approved: U. S. v. Hvoslef, 237 U. S., 1; Panama Railroad v. Johnson, 264 U. S., 375; Interior Const. & Improv. Co. v. Gibney, 160 U. S., 217; General Invest. Co. v. Lake Shore & M. S. R. Co., 260 U. S., 261; Lee v. Chesapeake & O. R. Co., 260 U. S., 653; St. Louis, etc., Ry. v. McBride, 141 U. S., 127; Central Trust Co. v. McGeorge, 151 U. S., 129; Martin v. B. & O. R. R., 151 U. S., 673; Western Loan Co. v. Butte & Boston Mining Co., 210 U. S., 368, Ariz. & N. M. Ry. v. Clark, 235 U. S., 669; Davis v. O'Hara, 45 S. Ct.,-104; O'Hara v. Hines, 108 Neb., 74; O'Hara v. Davis, 109 Neb., 615; Davis v. Wechsler, 263 U. S., 22; R. R. Comm. v. Eastern Texas, R. R., 264 U. S., 79; Georgia Ry. Co. v. Decatur, 262 U. S., 432; Creswill v. Knights of Pythias, 225 U. S., 246; Cooper v. Reynolds, 10 Wall., 308; Reynolds v. Stockton, 140 U. S., 254; Moran v. Weinberger, 149 Tenn., 537; Sweet v. Electric Co., 97 Tenn., 252; Swift v. Warehouse Co., 128 Tenn., 82; Smith v. McNeal, 109 U. S., 426; Friesen v. C., R. I. & P. Ry. Co., 254 F., 875; Haubert v. B. & O. R. Co., 259 F., 361; El Paso & S. W. R. Co. v. Lovick, 110 Tex. 244; Rhodes v. Tatum, 206 S. W., 114; Benjamin Moore & Co. v. Atchison, etc., Ry. Co., 106 Misc. Rep., 58; Wainwright v. Penn. R. Co., 253 F., 459; Cooker v. N. Y., O. & W. Ry. Co., 253 F., 676; Johnson v. McAdoo, 257 F., 757; Russ v. N. Y. Cent. R. Co., 180 N. Y. S., 618; 190 App. Div., 37.

Cases cited and distinguished: Davis v. Wechsler, 263 U. S., 22; Ala. & V. Ry. Co. v. Journey, 257 U. S., 111.

---

*Headnotes 1. Limitation of Actions, 25 Cyc., p. 1319; Railroads, 33 Cyc., p. 45. (2). Railroads, 33 Cyc., p. 45.

Davis v. Parks.

## FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Oscar Yarnell, Judge.

W. H. Watkins, Joe V. Williams and W. L. Granbery, for plaintiff.

Floyd Estill, for defendant.

Mr. Thomas H. Malone, Special Justice, delivered the opinion of the Court.

This matter comes before the court for the second time under the following circumstances:

The plaintiff below, Georgia Taylor Parks, lived in Roane county, Tenn., and, claiming to have been injured by the default of an agent of the director general of railroads, occurring in Franklin county, Tenn., instituted suit against the director general in the circuit court of Hamilton county, Tenn., to recover damages for the injuries claimed.

This suit was instituted on April 4, 1919. The director general filed first a motion denying the jurisdiction of the court, and, after that was overruled, filed a plea in abatement, asserting that the language of section 10 of the Control Act (U. S. Comp. St. Ann. Supp., 1919, section 3115¾j) as modified by General Orders

Nos. 18 and 18A, confined the jurisdiction of such actions to the county in which the plaintiff resided, or in which the injury arises; and that, since the declaration on its face disclosed the fact that the plaintiff resided in Roane county, Tenn., and had received her injuries in Franklin county, Tenn., the circuit court of Hamilton county had no jurisdiction of the case. This contention on petition to rehear was finally sustained by the court of civil appeals on October 29, 1921, and *certiorari* denied by this court on January 14, 1922.

It may be noted that the court of civil appeals, in its opinion in the original case, treated the question as one of venue rather than of jurisdiction. Thus it was said:

"We find no authority for prosecuting suits against carriers while under federal control elsewhere than as provided in General Orders No. 18 and No. 18A. Certainly, when plaintiffs are claiming the right to prosecute suits in a venue other than that required in the orders above quoted, the burden should be upon them to show that they do not fall within the requirements of said orders, and also to show why they have the right to prosecute suits in a venue other than that provided by said orders. Plaintiffs have not done so."

Thereafter, on February 24, 1922, the present suit was instituted against the defendant, James C. Davis, Agent, as provided in section 206 of the Act of Congress approved February 28, 1920 (U. S. Comp. St. Ann. Supp., 1923, section 10071¼cc). This suit was also brought in the circuit court of Hamilton county, Tenn., and plaintiff claimed damages in the sum of $2,900.

To the declaration filed by plaintiff, the defendant, James C. Davis, as Agent, interposed a plea of the Ten-

nessee statute of limitations of one year, being section 4469 of Shannon's Compilation of Tennessee Statutes, which reads as follows:

"Sec. 4469 (2772) 3469. *One year for libel, personal injuries, etc.*—Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statute penalties, within one year after cause of action accrued. (1715, ch. 27, sec. 5.)"

The plea in question was very elaborate. It stated at the outset that the defendant appeared alone for the purpose of challenging the jurisdiction of the court. But it then proceeded to set out the substance of the proceedings had in the former suit, the provisions of section 10 of the Federal Control Act, the substance of General Orders Nos. 50, 18, and 18A, the provisions of section 206A of the Transportation Act of 1920 (Comp. St. Ann. Supp., 1923, section 10071¼cc), and exhibited with said plea the judgment of the Court of Civil Appeals the opinion of said court dismissing the former suit and the judgment of this court denying the petition for *certiorari*.

The plea then sets out the one-year statute of limitations, above quoted, and ends with the following language:

"Wherefore the defendant, James C. Davis, as Agent, pleads that this court is now without jurisdiction of the instant case, and same should be dismissed and abated because—

"(1) The plaintiff's action, if any, accrued more than one year before this suit was brought.

"(2)   The bringing and maintaining of the suit afore-said in this court did not save the bar of the statute of limitations because, as held by the appellate court of Tennessee, ·this court was without jurisdiction of the ·plaintiff's said action.

"And the defendant prays the judgment of the court on·these pleas as to whether it should answer or make further defense herein."

It is obvious that this is not a plea in abatement, but a plea in bar, of the statute of limitations, and it is so described in the additional brief of learned counsel filed in this case.

To this plea the plaintiff demurred on the following grounds:

"I.   The plea shows on its face that the plaintiff in-stituted a suit in the circuit court of Hamilton county to recover damages upon the same cause of action upon which the present suit is based within one year from the commission of the wrongs and injuries therein and here-in complained of, and that plaintiff's said suit was dis-missed by the court of civil appeals and its judgment affirmed by the supreme court upon the sole ground that the venue was laid in the wrong county, as shown by the · judgments of the court of civil appeals and of the su-preme court, and the·opinion of the court of civil appeals, certified copies of which are exhibited with the plea; and that said cause was not disposed of on its merits.

"II.   The plea and the judgments of the court of civil appeals and of the supreme court and the opinion of the court of civil appeals exhibited with the plea show on their face that the director general of railroads chal-

Davis v. Parks.

lenged the court's jurisdiction of his person by motion to dismiss and by plea in abatement, on the sole ground that the venue was laid in the wrong county, which was a personal privilege that the director general exercised, and that he did not and could not challenge the court's jurisdiction of the subject-matter.

"III. The plea and its exhibits show on their face that the judgment rendered in plaintiff's favor by the circuit court of Hamilton county was reversed on appeal in the nature of a writ of error by said appellate courts upon a ground not concluding plaintiff's right of action, and that the present suit was instituted within one year next after said reversal; wherefore demurrant invokes section 4446 of Shannon's Annotated Code of Tennessee, and prays the judgment of the court that said plea be stricken from the files and for nothing held."

The trial judge overruled the demurrer; being of opinion that the special plea stated a valid legal defense, "and that the statute of limitation of one year bars the plaintiff's cause of action."

Plaintiff declined to file a replication, or to take issue on said plea, and it was accordingly ordered that said plea be sustained and that plaintiff's suit be dismissed.

The court of civil appeals, in a full and carefully considered opinion, reversed this judgment, and remanded the case to the circuit court of Hamilton county for a trial on its merits.

To review this judgment of the court of civil appeals, James C. Davis, Agent, files his petition for *certiorari*, which writ has heretofore been seasonably granted.

The determinative, and in fact the sole, question presented is whether this case falls within the provisions of section 4446 of Shannon's Compilation, which reads as follows:

"Sec. 4446 (2755) 3449. *New action within one year after arrest or reversal.*—If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest. (1819, ch. 28, sec. 3.)"

The court of civil appeals held in this case, as indicated in its former opinion, that General Orders Nos. 18 and 18A simply related to venue, and did not concern jurisdiction of the subject-matter. It was therefore of the opinion that the former hearing and judgment was not a judgment which concluded the plaintiff's right of action. As stated in its opinion:

"The dismissal of the suit on defendant's plea in abatement that it was brought in the wrong county was not an adjudication of the merits of the controversy, and hence the plaintiff's right of action was not concluded."

This holding is strongly assailed by learned counsel for the petitioner, who insist that the circuit court of Hamilton county was wholly without jurisdiction of the subject-matter; that any judgment which it might have pronounced on the merits of the case would have been absolutely void; and that, in view of the construction

given to said statute (Shannon's Code, section 4446) by this court, in such cases, the right of action is not preserved.

1. In making their argument, counsel for petitioner while claiming that the decision of the court of civil appeals deprives petitioner of due process of law and other rights guaranteed by the federal Constitution, seem to have overlooked the fact that the supreme court of the United States has also construed this statute adversely to the contention here advanced.

This was in the case of *Smith* v. *McNeal* (1883), 109 U. S., 426, 3 S. Ct., 319, 27 L. Ed., 986. In that case the trial court sustained the demurrer, and dismissed plaintiff's suit, on the ground that it had "no jurisdiction of the cause of action in plaintiff's declaration alleged and set forth."

The suit was begun in December, 1873; plaintiffs claiming that they had acquired title to certain lands in Tennessee through the certificate of the United States district tax commissioners, under acts of Congress passed for the collection of taxes in insurrectionary districts, etc. The demurrer questioning the jurisdiction was sustained in February, 1877.

Afterwards, in October, 1877, the plaintiffs brought another suit against the same defendants for the same tract of land. The declaration in the second suit contained the additional averment that defendants denied the validity of plaintiffs' title under the aforesaid acts of Congress.

To this declaration the defendants pleaded the Tennessee statute of limitations of seven years concerning suits to recover lands.

By way of replication the plaintiffs set forth the substance of the former proceeding, and claimed that the former judgment of the circuit court was rendered "upon a ground not concluding their said right of action."

Defendants demurred to this replication:

(a) Because it appeared from the record exhibited with the plea that the former judgment was rendered on its merits.

(b) Because it appeared from the record that the court had no jurisdiction of the former suit, and said suit was dismissed for want of jurisdiction.

This demurrer was sustained, and plaintiffs took a writ of error to the United States Supreme Court.

After setting forth the Tennessee statute of limitations, and section 2765 of the Code of Tennessee (Shannon, section 4446), already quoted, the court continues:

"The question of law upon which the parties are at issue is whether the judgment rendered February 24, 1877, by which the suit begun December 31, 1873, was dismissed, the dismissal being on the ground that the court had no jurisdiction of the cause of action set out in the declaration, falls within the saving of this section as being rendered on a ground not concluding the plaintiffs' right of action.

"It is well settled that the judgment of a court dismissing a suit for want of jurisdiction does not conclude the plaintiffs' right of action.

"In *Walden* v. *Bodley,* 14 Pet., 156, it was said by this court:

" 'A decree dismissing a bill generally may be set up in bar of a second bill having the same object in view, but, when the bill has been dismissed on the ground that

the court had no jurisdiction, which shows that the merits were not heard, the dismissal is not a bar to the second suit.'

"So in the case of *Hughes* v. *United States*, 4 Wall., 232, this court declared:

" 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' See, also, Greenleaf's Evidence, sections 529, 530, and cases there cited.

"The cases would seem to settle the question against defendants in error, for they decide that the dismissal of a suit for want of jurisdiction is upon a ground not concluding the right of action."

Answering a contention as to negligence similar to one advanced by petitioner in the instant case, it was further said:

"Cases might be supposed, perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross negligence and indifference as to cut the party off from the benefit of the saving statute, as if an action of ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace.

"But the suit between these parties, which was begun December 31, 1873, is far from being such a case. There

is nothing in the record to show that it was dismissed for any inherent want of jurisdiction in the court in which it was brought."

It was then explained that the first case was really dismissed "for a defect in pleading" which was supplied in the second declaration; and it was averred:

"We are of opinion, therefore, that the plaintiffs in error are entitled to the benefit of article 2755 of the Code of Tennessee, for their judgment in the first suit was not upon any ground concluding their right of action, nor have they been guilty of such negligence or carelessness in the bringing of their first suit as should exclude them from the benefit of the said article."

2. In the instant case, treating the matter as one of jurisdiction, it would not, we think, be deemed gross negligence to have pursued the course adopted by the plaintiff in the first suit. Under the Federal Control Act itself (apart from the General Orders) the jurisdiction of the Hamilton county circuit court would have been unquestionable; and doubts then existed as to the validity of General Orders Nos. 18 and 18A, which would hardly, we think, be called frivolous—doubts which were only resolved by the decision of the highest tribunal in the case of *Alabama & Vicksburg Ry.* v. *Journey* (November, 1921), 257 U. S., 111, 42 S. Ct., 6, 66 L. Ed., 154.

3. Petitioners, however, insist that this court has placed a different construction on this statute, which, they contend, must control in the case at bar.

In support of this contention they cite and rely on the case of *Sweet* v. *Electric Light Co.* (1896), 97 Tenn., 252, 36 S. W., 1090.

This was an action for personal injuries begun by the plaintiff in the United States district court at Chattanooga, Tenn. After the lapse of more than one year from the date of the injury, but within one year from the dismissal for want of jurisdiction, plaintiffs began a new suit in the circuit court of Hamilton county. The declaration showed the above facts, and was challenged by a demurrer setting up the statute of limitations of one year. This demurrer advanced the contention that, since the former suit was dismissed for want of jurisdiction, the cause of action was not saved by the statute in question. The demurrer was sustained, on appeal, and the suit dismissed, this court saying at page 253 (36 S. W., 1090):

"We think the demurrer was properly sustained and the suit properly dismissed. An action commenced in a court having no jurisdiction to entertain it is no action in the sense of the statute. The matter stands the same as if no suit had been brought, or attempted to be brought, and the limitation runs from the date of the injury. If the action is brought in a court without jurisdiction, the whole proceeding is void and of no effect, and, if it should proceed to judgment, the judgment likewise is void and without validity."

If there had been no further adjudication on this point, the petitioner's contention might be well taken. But petitioner's counsel do not cite nor refer to the subsequent case of *Swift & Co.* v. *Warehouse Co.* (1913), 128 Tenn., 82, 158 S. W., 480.

This was a bill in chancery brought by Swift & Co for damage to a large quantity of eggs stored by it with the Warehouse Company. The defendant, by demurrer

and otherwise, made the point that the chancery court was without jurisdiction, even under the Act of 1877, chapter 97, which conferred upon the court concurrent jurisdiction with courts of law in all suits except those involving unliquidated damages for injuries to person, property, or reputation.

This court sustained the defendant's insistence, and dismissed the bill—which action, it may be of interest to observe, resulted in the passage by the next legislature of chapter 47 of the Acts of 1915 conferring jurisdiction in cases of unliquidated damages for injuries to property resulting from a breach of an oral or written contract.

This court, in denying a petition to rehear, remarked, page 99 (158 S. W., 485):

"Even the express waiver or consent of defendant would not have conferred jurisdiction on the court over the subject-matter of this suit."

At the close of the opinion it was said, page 102 (158 S. W. 485):

"But the decree of this court dismissing this suit will enjoin the Memphis Cold Storage Warehouse Company from setting up or relying on the statute of limitations as a defense to such suit upon the merits of the cause in the circuit court of Shelby county, Tenn., as Swift & Co. may commence within one year from the date of the above decree (Smith v. McNeal, 109 U. S., 426, 3 Sup. Ct., 319, 27 L. Ed., 986; Cole v. Nashville, 5 Cold., 639; Railroad Co. v. Pillow, 9 Heisk., 248; Love v. White, 4 Hayw., 210; Chilton v. Scruggs, 5 Lea, 313; Hughes v. Brown, 88 Tenn., 578, 13 S. W., 286, 8 L. R. A., 480; Code 1858, sec. 2755; Shannon's Code, sec. 4446); it being our

opinion that, under the provisions of the above statute and the facts of this case; the complainant is entitled to the injunction above awarded."

As will be noted, the first case cited in support of the court's ruling on this point is *Smith* v. *McNeal,* supra.

We cannot say in the light of this decision, that there is any substantial difference in the construction placed on the statute in question by this court and by the supreme court of the United States.

4. But, apart from this, we think that the court of civil appeals correctly held that the question was one of venue, and not of jurisdiction.

Our attention has not been called to any decision of the United States supreme court directly adjudicating this point, which seems to have been reserved in *Davis* v. *Wechsler* (1923), 263 U. S;, 22, 44 S. Ct., 13, 68 L. Ed., —. In that case the Missouri court of appeals held that the provision in General Order No. 18A "went only to the venue of the action and was waived by the appearance" of John Barton Payne as director general under the Transportation Act, who was, by agreement, substituted as defendant for Walker D. Hines, the director general originally sued, and who "entered his appearance" and "adopted the answer" of Hines. The decision was reversed; the supreme court saying at page 24 (44 S. Ct. 14):

"Even if the order went only to the venue and not to the jurisdiction of the court, each director general in turn plainly indicated that he meant to adopt the position of his predecessor, and to insist that the suit was brought in the wrong county. His lawful insistence cannot be evaded by attempting a distinction between his

appearance and his substantially contemporaneous adoption of the plea."

In the case of *Alabama & Vicksburg Ry., Co.* v. *Journey* (1921), 257 U. S., 111, 114, 42 S. Ct., 6, 7 (66 L. Ed., 154), the court in closing the opinion says with respect to General Order No. 18:

"It was within the powers of the director general to prescribe the venue of suits; and the facts set forth in the order show both the occasion for it and that the venue prescribed was reasonable."

While we, of course, appreciate the fact that it is for the United States supreme court to finally decide this matter, the argumentative concession in *Davis* v. *Wechsler,* supra, and the descriptive term employed in *Alabama & Vicksburg Ry. Co.* v. *Journey,* as above quoted, lend support to the view adopted by the court of civil appeals. The United States supreme court is not given to inexact expressions or the heedless use of language, and when the word "venue" is used we can only presume that the court means "venue" and not "jurisdiction."

If, then, the question be one of venue, we do not think that, if the director general had failed to assert his privilege, the judgment of the circuit court of Hamilton county would have been absolutely void and of no effect, as counsel contend in their petition and brief. Although the suit be, in effect, one against the United States, there may, it seems, be a waiver on the part of the government by failure to object to the venue. *U. S.* v. *Hvoslef* (1914), 237 U. S., 1, 11, 12, 35 S. Ct., 459, 59 L. Ed., 813, Ann. Cas., 1916A, 286; *Panama Railroad* v. *Johnson*

(April, 1924), 264 U. S., 375, 44 S. Ct., 391, 68 L. Ed., 748.

In the latter case, above cited, which was brought under an act of Congress providing that "jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located," the court said, with reference to sections 21 and 54 of the Judicial Code (Comp. St., sections 988, 1036):

"A reading of the provision now before us with those sections, and in the light of the policy carried into them, makes it reasonably certain that the provision is not intended to affect the general jurisdiction of the district courts as defined in section 24, but only to prescribe the venue for actions brought under the new act of which it is a part. No reason why it should have a different purpose has been suggested, nor do we perceive any. Its use of the word 'jurisdiction' seems inapt, and therefore not of special significance. The words 'shall be' are stressed by the defendant, but, as they are found also in the earlier provisions which uniformly have been held to relate to venue only, they afford no ground for a distinction.

"By a long line of decisions, recently reaffirmed, it is settled that such a provision merely confers on the defendant a personal privilege which he may assert, or may waive, at his election, and does waive, if, when sued in some other district, he enters a general appearance before or without claiming his privilege. *Interior Constr. & Improv. Co.* v. *Gibney*, 160 U. S., 217, 40 L. Ed., 401, 16 Sup. Ct. Rep., 272; *United States* v. *Hvoslef*,

237 U. S., 1, 11, 59 L. Ed., 813, 818, 35 Sup. Ct. Rep., 459, Ann Cas., 1916A, 286; *General Invest. Co.* v. *Lake Shore & M. S. R. Co.* 260 U. S., 261, 272, 275, 67 L. Ed., 244, 253, 254, 43 Sup. Ct. Rep., 106; *Lee* v. *Chesapeake & O. R. Co.,* 260 U. S., 653, 655, 67 L. Ed., 443, 445, 43 Sup. Ct. Rep., 230.''

In the case of *United States* v. *Hvoslef,* supra (cited with apparent approval in the above case), it was insisted in the government's brief that the act of Congress under which the suit was brought was mandatory, and that suit could only be brought in the district where the petitioner resided. The suit was one in which a recovery against the United States had been awarded for an amount paid out as stamp taxes, etc. After referring to the fact that the government had not made proper objection in the court below, it was said at page 12 (35 S. Ct. 462):

''But, assuming that the subject-matter was within the jurisdiction of the court, the requirement as to the particular district within which the suit should be brought was but a modal and formal one which could be waived, and must be deemed to be waived in the absence of specific objection upon this ground before pleading to the merits. *St. Louis, etc., Ry.* v. *McBride,* 141 U. S., 127, 131; *Central Trust Co.* v. *McGeorge,* 151 U. S., 129, 133; *Martin* v. *Balt. & Ohio R. R.,* 151 U. S., 673, 688; *Interior Construction Co.* v. *Gibney,* 160 U. S., 217, 220; *Western Loan Co.* v. *Butte & Boston Mining Co.,* 210 U. S., 368; *Arizona & New Mexico Ry.* v. *Clark,* 235 U. S., 669, 674.''

We are therefore of opinion, on both of the grounds stated, that the court of civil appeals acted properly in

reversing the judgment of the lower court and remanding the case for a trial upon its merits.

The judgment of the court of civil appeals is accordingly affirmed.

### On Petition to Rehear.

A candid and able petition to rehear has been filed, bringing to the court's attention two cases not mentioned or considered in the original opinion.

1. It is said that since the decision in this case the United States supreme court has settled the question of venue, or jurisdiction, in the case of *James C. Davis, Agent,* v. *John O'Hara,* decided November 24, 1924, 45 S. Ct. 104, 69 L. Ed. —, on *certiorari* to the supreme court of Nebraska.

On reading this opinion, we do not think it conflicts with the views advanced in the original opinion handed down in the instant case, but, on the contrary, rather tends to support these views.

In that case the plaintiff was injured in September, 1919, while employed by the director general in the operation of a railroad under federal control. The injury occurred at Council Bluffs, Iowa, where plaintiff then resided. He brought suit for damages in the district court of Douglas county, Neb. As stated in the opinion:

"His petition did not show where the injury occurred or where he lived when injured. The director general appeared specially for the purpose of objecting to the jurisdiction of the court 'over the person of the defendant and over the subject-matter of this action,' and

moved to quash the summons; the grounds alleged were 'that General Orders Nos. 50, 50A, 18, 18A, and 18B, issued by the director general, . . . provide that all suits against the director general of railroads, as authorized by General Order No. 50A, must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose'; that plaintiff, at the time of the accrual of the cause of action, did not reside in Douglas county, Neb., and that the cause of action, did not arise there. Plaintiff did not deny the allegations on which the motion was based. The district court overruled the motion without more. The defendant answered, setting up the same objection to jurisdiction and his defenses on the merits. Later, plaintiff filed an amended petition; and to that defendant filed answer, in which he again asserted his objection to jurisdiction. At the trial, after the evidence was heard, the court upon its own motion instructed the jury to return a verdict for defendant; and judgment was entered in his favor. The plaintiff made a motion for a new trial, which was denied. He then appealed to the supreme court. Defendant's objection to the jurisdiction was urged by brief filed by leave of court specially given. But the question was not decided, because defendant had not taken a cross-appeal. *O'Hara* v. *Hines,* 108 Neb., 74, 81, 187 N. W., 643. The judgment of the district court was reversed on the merits. At the new trial plaintiff testified that his injuries occurred at Council Bluffs, Iowa, and that he resided there when he was injured. The defendant, by appropriate objections and motions made at the time of impaneling the jury, at the close of

plaintiff's evidence, and at the close of all the evidence, insisted upon its objection to the jurisdiction of the court, but all were overruled. There was a verdict and judgment for plaintiff. Defendant appealed to the supreme court. A syllabus (by the court) contains the following: 'Where the director general specially appears to object to the jurisdiction of the court over his person, and at the same time challenges the jurisdiction of the court over the subject-matter of the controversy, as to which the motion is not well founded, this is a voluntary appearance equivalent to the service of summons, and gives the court jurisdiction over the person of such officer.' *O'Hara* v. *Davis,* 109 Neb., 615, 192 N. W., 215. The judgment appealed from was affirmed.''

The United States supreme court reversed the decision of the supreme court of Nebraska, and in the course of the opinion said:

''Against his objection defendant could not be sued on plaintiff's claim in the Nebraska court.' *Alabama, etc., Ry. Co.* v. *Journey,* supra. This court is not bound by the decision of the State court that defendant waived his federal right under the act and the orders of the director general, and it may determine for itself whether he sufficiently asserted and insisted upon that right. *Davis* v. *Wechsler,* 263 U. S., 22, 24, 44 S. Ct., 13, 68 L. Ed., —; *Railroad Commission* v. *Eastern Texas R. R.,* 264 U. S., 79, 86, 44 S. Ct., 247, 68 L. Ed., —; *Georgia Ry. Co.* v. *Decatur,* 262 U. S., 432, 438, 43 S. Ct. 613, 67 L. Ed., 1065; *Creswill* v. *Knights of Pythias,* 225 U. S., 246, 261, 32 S. Ct., 822, 56 L. Ed., 1074.

''Defendant's special appearance and motion did not amount to an objection to the jurisdiction over the sub-

ject-matter; that is, it did not raise the question whether, considering the nature of the cause of action asserted and the relief prayed by plainitff, the court had power to adjudicate concerning the subject-matter of the class of cases to which plaintiff's claim belonged. *Cooper* v. *Reynolds,* 10 Wall., 308, 316, 19 L. Ed., 931; *Reynolds* v. *Stockton,* 140 U. S., 254, 268, 11 S. Ct. 773, 35 L. Ed., 464. The stated purpose of the special appearance was broader than the grounds alleged, and, in so far as it related to the subject-matter, was not carried into effect. There was nothing in the moving papers to suggest that the Nebraska court had no jurisdiction to try and determine actions, founded on negligence, to recover damages for personal injuries suffered by railway employees while engaged in the performance of their work. Undoubtedly, the district court of Douglas county would have had jurisdictions if the accident happened in that county or district, or if plaintiff resided there at the time he was injured. The General Orders on which defendant's motion rested did not relate to jurisdiction of the subject-matter; and the supreme court of Nebraska so held.''

As will be observed, it is expressly stated that the General Orders in question ''did not relate to jurisdiction of the subject-matter.''

This (as it seems to us) is, in substance, what the court of civil appeals held, and what this court held in its original opinion. These orders confer a right or privilege which may be waived. In other words, they relate to venue, as opposed to jurisdiction. *Davis* v. *O'Hara* does not decide that, if the director general

had failed to assert his immunity, the judgment of the Nebraska court would have been void.

2. The court's attention is also challenged to the case of *Moran* v. *Weinberger* (April 5, 1924), 149 Tenn., 537, 260 S. W., 966, which had not appeared in the official reports at the time the instant case was decided.

In view of the strong and earnest petition to rehear, we have carefully examined that case, but find nothing in its decision which conflicts with the decision herein.

In *Moran* v. *Weinberger* the plaintiff sued the defendant for personal injuries before a justice of the peace, asking damages within the statutory limit of $500, and recovered a judgment for $250. Defendant appealed to the circuit court, where the case remained for some time; no trial being had on account of various continuances. Plaintiff then took a nonsuit, and sued in the circuit court for $10,000 damages. This was some two years after the date of the injury. To this second suit defendant pleaded the one year statute of limitations applicable to suits for personal injuries.

It was held by this court, on appeal, that the bar of the statute was not saved by section 4446 of Shannon's Code, and plaintiff's possible recovery in the second suit was limited to $500, the amount of the magistrate's jurisdiction in the first suit.

It is evident, we think, that the decision in that case cannot control the decision in the case at bar. There was no question of jurisdiction involved. Each court had jurisdiction of the suit brought therein.

Whatever was said about the cases of *Sweet* v. *Electroc Co.*, 97 Tenn., 252, 36 S. W., 1090; *Swift* v. *Warehouse Co.*, 128 Tenn., 82, 158 S. W., 480, and *Smith* v.

*McNeal,* 109 U. S., 426, 3 S. Ct., 319, 27 L. Ed., 986, was necessarily said arguendo.

As stated in *Moran* v. *Weinberger,* the case of *Smith* v. *McNeal,* supra, decides "that a dismissal . . . for want of jurisdiction is upon a ground not concluding the right of action," although it is then pointed out (page 549 [260 S. W., 969]) that plaintiff's suit in that case "was not dismissed 'for any inherent want of jurisdiction in the court in which it was brought.' "

The opinion also emphasizes the intimation of the United States supreme court in *Smith* v. *McNeal* "that this saving statute would not be available to one who had negligently first brought his action in a court without jurisdiction of his demand."

The court then applies this intimation to the case under consideration by saying at page 549 (260 S. W., 969):

"It would seem to follow that, where one has advisedly and deliberately first chosen a forum lacking jurisdiction, he is precluded."

The thought here is that, if the plaintiff had brought a $10,000 personal injury suit before a justice of the peace, in the first instance, he could not afterwards invoke the statute.

This reasoning is in line with the opinion in the present case, where it was pointed out that there was no gross negligence on the part of the plaintiff below in choosing a forum on the theory that the General Orders in question were void. Learned courts, State and federal, were then differing in their views on this question, as shown in the following excerpt from the opinion in *Davis* v. *O'Hara,* supra:

"General Orders Nos. 18 and 18A were held invalid in *Friesen* v. *Chi., R. I. & P. Ry. Co.* ([U. S.], D. C. Neb. Dec., 27, 1918) 254 F., 875; *Haubert* v. *Baltimore & O. R. Co.* ([U. S.], D. C. Ohio, Sept. 3, 1919) 259 F., 361; *El Paso & S. W. R. Co.* v. *Lovick* (Feb. 11, 1920) 110 Tex., 244, 218 S. W., 489, affirming (Tex. Civ. App., March 6, 1919) 210 S. W., 283, and overruling *Rhodes* v. *Tatum* (Tex. Civ. App., Oct. 16, 1918) 206 S. W., 114. See *Benjamin Moore & Co.* v. *Atchison, etc., Ry. Co.* ([N. Y. S. C.], January, 1919) 106 Misc. Rep., 58, 174 N. Y. S., 60. And they were held valid in *Wainwright* v. *Pennsylvania R. Co.* ([U. S.], D. C. Mo., Oct. 22, 1918) 253 F., 459; *Cooker* v. *New York, O. & W. Ry. Co.* ([U. S.], D. C. N. Y., June 15, 1918) 253 F., 676; *Johnson* v. *McAdoo* ([U. S.], D. C. La., May 8, 1919) 257 F., 757; *Russ* v. *New York Cent. R. Co.* ([N. Y.], Co. Ct., Feb. 20, 1920) 180 N. Y. S., 618. See *Russ* v. *New York Cent. R. Co.* ([N. Y. S. C.], Dec. 29, 1919) 190 App. Div., 37, 179 N. Y. S., 310."

In discussing (*arguendo*) the case of *Swift* v. *Warehouse Co.*, it was not intended to say in *Moran* v. *Weinberger* that the Swift Case was merely decided on the theory that, "when chancery dismisses a bill because the complaint made by it is relievable at law, it will suffer the act of limitations to be pleaded during the pendency of the suit in the court, and will direct that the act be not opposed to the claim at law for such time."

It is plain that the above quotation announces an equitable principle which is wholly independent of any statute; and, if the case had been solely decided on this ground, why did the court cite Shannon's Code, section 4446, and *Smith* v. *McNeal,* supra, in ruling on the point?

The case of *Sweet* v. *Electric Co.*, 97 Tenn., 252, 36 S. W., 1090, does not show the facts with regard to the first suit. The plaintiff may have been grossly negligent in originally choosing the forum, for all that appears, and the case may have been correctly decided on its own facts.

But we do not consider that case authority for the proposition that however prudently a plaintiff may have acted in choosing his original forum, and however technical may have been the grounds for dismissal, a dismissal for want of jurisdiction, under any circumstances whatsoever, precludes plaintiff from relying upon the saving statute. Such a proposition is too far reaching to receive the approval of this court.

While we are much impressed with the clear and able petition to rehear, we find ourselves, after the most careful consideration, unable to change or to recede from the views expressed in the original opinion, and the petition to rehear is accordingly denied.